INTERNATIONAL TRUST COMPANY, trustee, *vs.* CHARLES C. WILLIAMS & another.

Suffolk. January 27, 1903. — March 31, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Devise and Legacy*, Construction.

A testatrix after giving one half of her estate to her daughter for life, provided, that should the daughter " die leaving heirs it shall all be transferred to them (i. e. husband or children)." The daughter died after R. L. c. 140, § 3, went into effect, leaving a husband and one child. *Held*, that the gift was to the heirs of the life tenant ascertained as of the date of her death, and that under the statute the heirs of the life tenant were her husband and child, the husband taking one third and the child two thirds of the property.

LORING, J. This is a bill by the trustee under the will of Eliza D. Douglas, for instructions as to the distribution of one half of the residue of the estate of the testatrix under the seventh article of her will. After giving one half of the residue of the estate to the daughter of the testatrix for life, the seventh article provided that: " Should she die leaving heirs it shall all be transferred to them (i. e. husband or children)." The daughter died on January 30, 1902, leaving a husband and one child, a daughter.

Except for the homestead lot hereafter referred to, all the property which passed under the article was personalty.

The gift is to the heirs of the life tenant, and her heirs are to be ascertained as of January 30, 1902, the date of her death. *Lincoln* v. *Perry*, 149 Mass. 368. By the provisions of R. L. c. 140, § 3, which went into effect on the first day of January, 1902, the real and personal property of a person dying without a ˑ

will is divided between the issue and the husband, the issue taking two thirds and the husband one third. Had the heirs of the life tenant not been the husband and child, a difficulty would have arisen. But the only heirs were the husband and the child, and no one but the husband and the child were her heirs. Under that statute the life tenant's heirs were her husband and daughter. See *Lavery* v. *Egan*, 143 Mass. 389; *Smith, petitioner,* 156 Mass. 408; *Lincoln* v. *Perry*, 139 Mass. 368; *Olney* v. *Lovering*, 167 Mass. 446; *White* v. *Stanfield*, 146 Mass. 424; *Fabens* v. *Fabens*, 141 Mass. 395. The gift is to them as heirs; as heirs they take in proportions of two thirds and one third, and, in our opinion, such are the rights of the daughter and husband in the property held in trust under the seventh article of the will. See *Proctor* v. *Clark*, 154 Mass. 45.

We do not think that this case is governed by *Addison* v. *New England Commercial Travellers' Association*, 144 Mass. 591, relied on by counsel for the husband. In that case a member of a benefit association had a right, under St. 1877, c. 204, to designate as his beneficiaries his widow or her orphan children or other persons dependent upon him. In the absence of designation the benefit went to his widow. He designated his heirs as the persons to whom the death loss was to be paid, and in answer to the requirement that he should state the relationship of the person to whom payable, he stated wife or daughters. It was held that inasmuch as the statute did not allow him to designate wife and children but only a widow or orphan children or other persons dependent on him, this could not be taken to be a designation of his heirs as such; that under the statute the designation must be construed to be intended to be a designation of the widow or children surviving her, and since in the absence of a designation the fund went to the widow it was not necessary to decide whether the designation was or was not valid. It is plain that that decision rested on considerations not applicable here.

It appears that the husband of the testatrix, who is still alive, conveyed all his interest in the homestead to the daughter, the life tenant who has just died. The homestead by the third article of the will was devised to the daughter for life, and subject to her life estate passed under the sixth and seventh articles. By the sixth article one half of the remainder was given to the

husband of the testatrix, and by the seventh article the other half is now vested, for the reasons we have given, two thirds in the daughter of the life tenant and one third in her husband.

The husband of the testatrix never claimed any right by curtesy in the estate of his deceased wife, and it was assumed that under the circumstances he had none. The homestead has been sold by the petitioner by virtue of a decree of the Probate Court made under Pub. Sts. c. 120, § 19, and brought the sum of $2,250, which is now held by the petitioner.

The result is that one half of the proceeds of the sale of the homestead, namely, $1,125, belonged to the life tenant outright, and passed under her will, and should be paid to the petitioner to whom it was given by that will, to be held by it upon the trusts therein set forth; of the balance, amounting to $22,478.33, two thirds should be paid to the daughter of the life tenant, and one third to her husband.

*So ordered.*

*W. C. Kellogg,* for the petitioner.

*F. T. Hammond,* for Charles C. Williams.

*W. M. Richardson,* guardian *ad litem* of Helen T. B. Williams.