In Equity.

DANIEL M. JACOBS et al. *vs.* ADDIE M. PRESCOTT et als.

102   63
f105   43

Lincoln.    Opinion October 30, 1906.

*Wills.    Construction.    Technical Words.    " Heirs."    " Family."*

It is a general rule in the construction of wills that words not technical are to be understood in their usual, ordinary, popular signification, and that technical words are presumed to be employed in their technical sense, unless there is something in the context or subject matter to indicate that the testator intended a different use of the terms employed.

In a bequest of personal property the word "heirs" means, prima facie, those who would be entitled to it had the testator died intestate, and the word "family" is synonymous with kindred or relations, those who are related by blood and who are entitled as next of kin under the statute of distributions.

A testatrix after giving legacies to numerous persons, the most of whom were related to her by consanguinity and the rest as relatives of her deceased husband, directed "any money remaining after my debts and expenses are paid to be divided between my heirs by my family herein named," excepting N, who was one of the legatees related to her by blood.

*Held* : that the words "my heirs by my family herein named" did not embrace those legatees who were related to the testatrix's deceased husband only, and that those of the legatees named in the will, except N, take under this clause, who would have been entitled to the estate had the testatrix died intestate, in the proportions in which they would take under the statute of distributions.

In equity.    On appeal by defendants.    Appeal sustained.    Decree according to opinion.

Bill in equity brought by the plaintiffs, Daniel M. Jacobs and Joel P. Huston, administrators with the will annexed of the estate of Melinda H. Sanborn late of Damariscotta, deceased, against Addie Prescott, Frances Whitten, Etta M. Tedford, Gertrude M. Peabody, Ruth Newcomb, Hattie Tibbetts, Helen F. Newcomb, Charles F. Newcomb, Barnet M. Stuart, Albion W. Stuart, Joel A. Sanborn,

Robert M. Sanborn, Warren M. Abbott, Loren Stuart, Fred Stuart, Willis Stuart, Allura J. Jacobs, Eliza A. Sanborn, and Adoniram J. Sanborn, asking the court to determine who took as beneficiaries under the residuary clause of the said will of the said Melinda H. Sanborn.

This cause came on for hearing before the Justice of the first instance and was argued by counsel, and thereupon the plaintiffs' bill was sustained with costs and it was ordered, adjudged and decreed as follows :

"First. That the word "family," found in the phrase "my heirs by my family herein named" contained in the nineteenth and residuary clause of the will set forth in the bill, includes and was intended by the testatrix to include all the beneficiaries named in said will related to the testatrix both by consanguinity and affinity, and that the following persons named in said will except Helen F. Newcomb are entitled to receive said residuary estate in equal shares, to wit: (Here follows the names of all the defendants, except that of Helen F. Newcomb.)

"Second. That the costs of all parties to this bill, both of plaintiffs and defendants, including reasonable counsel fees, be paid by the administrators of the estate of the will annexed out of the estate.

"Third. That this case be remanded to the Probate Court in said County of Lincoln for the distribution and settlement of said estate in accordance with this decree."

Thereupon in accordance with the provisions of section 22 of chapter 79, R. S., fourteen of the defendants took an appeal to the Law Court.

The case appears in the opinion.

*Wm. H. Hilton,* for plaintiffs.

*P. H. Gillin,* for defendants, Addie Prescott, Frances Whitten, C. F. Newcomb, Barnet M. Stuart, Loren F. Stuart, A. W. Stuart, Etta M. Tedford, Ruth M. Newcomb, Gertrude M. Peabody, Hattie A. Tibbetts and Warren M. Abbott.

*Pierce & Hall,* for defendants, Eliza A. Sanborn, Allura J. Jacobs, Adoniram J. Sanborn, Robert M. Sanborn, and Joel A. Sanborn.

SITTING:  WISWELL, C. J., WHITEHOUSE, SAVAGE, POWERS,
PEABODY, JJ.

POWERS, J.   Bill in equity by the administrators with the will
annexed to determine who take as beneficiaries under the residuary
clause of the will of Matilda H. Sanborn of Damariscotta.   The
testatrix by the first nineteen clauses of her will gave to the nineteen
defendants various legacies of from $200 to $2000 each, and then
said :   " These bequests to be made after my just expenses for funeral
and nice headstone or tablet shall have been erected or money
retained to pay for it — it is my wish to have my money collected
and divided as soon after my decease as law will allow — any money
remaining after my debts and expenses are paid to be divided between
my heirs by my family herein named — with exception of Helen F.
Newcomb her portion I consider sufficient for her."   Of these nine-
teen legatees, fourteen, including Helen F. Newcomb, were related
to her by consanguinity, and the most of these were her heirs at law.
The remaining five were related to her by affinity only as relatives of
her deceased husband.   The case comes here on appeal from the
decree, of the justice hearing the cause, that all of the legatees named,
with the exception of Helen F. Newcomb, are entitled to receive the
residuary estate in equal shares.   A construction of the will is asked
upon two points; first, as to whether the words " my heirs by my
family herein named" embraced the legatees who were relatives of
the testatrix's deceased husband; second, as to who and how
many take under said residuary clause.

It is a general rule in the construction of wills that words not
technical are to be understood in their usual, ordinary, popular
signification, and that technical words are presumed to be employed
in their technical sense, unless there is something in the context or
subject matter to indicate that the testator intended a different use
of the terms employed.   Accordingly the word " heirs," in a
bequest of personal property means, prima facie, those who would
be entitled to it had the testator died intestate.   Schouler on Wills,
section 542; and the word "family" is synonymous with kindred
or relations those who are related by blood and who are entitled as

next of kin under the statute of distributions. Bouvier's Law Dictionary. 30 A. & E. Encycl. of L. 2nd Edition, 130.

These words, however, are flexible and should receive a broader construction when such appears to have been the testator's intention. We find nothing in the context, in the clause of the will under consideration, or in the entire will to show that the testatrix intended to use either the words "heirs" or "family" in a broader or different sense than that which is generally given to them. The exception of Helen F. Newcomb throws no light upon the question involved, for she was related to the testatrix by blood and one of her heirs at law. The fact that the words "herein named" immediately follow the word "family" does not give to that word a meaning broad enough to embrace all the legatees named. The words "herein named" may as well have been used to modify the whole clause "my heirs by my family," as the words "my family" alone. The testatrix appears to have had in mind, blood and not affinity, and to have used the words "by my family" to emphasize her intention and more clearly restrict the objects of her bounty under the residuary clause to those who were related to her by consanguinity. The will is holographic, and it is common for a person to speak of "my family" in contradistinction to the family of one's husband or wife. The order of the words has no especial significance. It is the same as if the testatrix had said "my heirs herein named by my family," the words "by my family" being a paraphrastic description of the persons already mentioned.

Our conclusion therefore, in answer to the first point presented, is that the words "my heirs by my family herein named" did not embrace those legatees named in the will who were related to the testatrix's deceased husband only. In answer to the second point, those of the legatees named in the will, except Helen F. Newcomb, take under the residuary clause, who would have been entitled to the estate had the testatrix died intestate, in the proportions in which they would take under the statute of distributions. *Trust Co.* v. *Williams,* 183 Mass. 173; 30 A. & E. Encycl. of L. 730, 2nd Edition. How many they are the case does not afford sufficient data to determine, as while the bill sets out that all of the blood relatives

of the testatrix named in the will were her heirs at law, this is denied in the answer of several of the defendants. This matter must be determined by the justice entering the final decree.

The costs of these proceedings may properly be decreed a charge upon the estate.

The decree appealed from is reversed.

*Decree according to the opinion.*