HARRY A. BROWN, trustee, *vs.* JAMES H. WRIGHT & others.

Middlesex.    December 10, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Devise and Legacy.   Adoption.   Perpetuities.   Equity Pleading and Practice,*
    Costs, Counsel fees.   *Words,* "Right heirs."

The rule of construction that the republication of a will by a codicil does not alter the meaning of the words of the will does not apply when the clause of the will to be construed has been changed by the codicil.

Where a will provides that after the death of the testator's widow, the income of a portion of his estate shall be paid to the testator's son, his only child and heir presumptive, that the income of the remaining portion of the estate shall accumulate during the life of the testator's son, and that on his death, leaving no issue surviving him, the trustee for the time being shall pay over and distribute all that shall remain of the property to the testator's "right heirs at law," the persons so described are to be ascertained as of the date of the death of the testator's son.

A testator made a will, when he had two sons living, providing that, after the

———

termination of the life interests created by the will for the benefit of his wife and of his two sons and the payment of certain legacies, the trustee for the time being should pay over and distribute all that should then remain of his property and estate to the issue of his two sons, or failing such issue, to the testator's "right heirs at law." On the death of one of his sons leaving no issue, the testator made a codicil ratifying and confirming his will except so far as changed by that instrument, in which, among other changes, he expressly revoked the provisions for his deceased son and his issue, and gave the remainder of his property and estate to the trustee named in his will "to be held, managed and disposed of as trustee in said will provided excepting so far as changed and modified by this codicil." He gave to his surviving son, after the death of the testator's wife, the income of $20,000 instead of the income of $10,000 given him by the will, provided for additional bequests to be paid after the death of the testator's wife and changed one of his executors. At the time of making the codicil the testator was an old man and acted on the assumption that his surviving son would be his only child at the time of his death. After the death of the testator's wife and the payment of legacies to be paid at that time, there was left in the hands of the trustee a fund of about $50,000, and, on a bill for instructions by the trustee, this court held that the income of the estate over and above the income on $20,000 which was given to the testator's son for life was to be accumulated until the time of his death. On the death of the testator's son without issue, the trustee brought a bill for further instructions as to who were the testator's "right heirs at law" among whom the fund should be distributed. *Held*, that the fund should be distributed among those persons who would have been the heirs at law of the testator had he died at the time of the death of his son.

Under R. L. c. 154, § 7, the adopted daughter of a deceased brother of a testator cannot share in a bequest to the heirs of the testator.

The effect of the word "right" in a bequest to a testator's "right heirs at law," which apparently was used to exclude the possibility of a construction including an adopted child, here was not passed upon because the adopted child of a deceased brother of the testator was not an heir at law of the testator in any case.

A testator made a bequest to his son of the income of a certain fund for life and "should he die leaving a widow and children" then during the life of his widow the income was to go in equal parts to the widow and children with a remainder over to the children in fee, "but if he should die leaving no issue but leaving a widow" then to his widow for life, with a remainder after the payment of certain legacies to the issue of the testator's son, or, failing such issue, to the testator's right heirs at law. The son died leaving no widow and no issue. *Held*, that the gift over to the testator's heirs was subject only to the life interest of the testator's son and conditioned on his dying leaving no issue, and was not void for remoteness.

In a suit in equity by a trustee under a will for instructions as to the distribution of a fund, where costs as between solicitor and client are allowed to the parties out of the fund, if nephews and nieces of the testator and children of deceased nephews and nieces whose interests are identical choose to be represented by four different counsel, only one set of costs should be allowed to them all.

LORING, J. Nathan M. Wright, by his last will made in 1885, gave to his wife for life certain real estate in Lowell and the income of $5,000 with power to use the principal; to his

son George P. $100 a year during the life of his [the testator's] wife, and after her decease the income of $10,000 for his [George P.'s] life; and " should he die leaving a widow and children," then during the life of his widow the income of this $10,000 was to go in equal parts to the widow and children with remainder over to the children in fee; " but if he should die leaving no issue but leaving a widow," then to his widow for life ; and to his son Albert certain bequests. The rest and residue was left in trust for his wife for life; on her decease certain legacies were to be paid, and then the income of what was left was to be paid to Albert for life. " And after the termination of all the life estates herein given bequeathed and devised, and the payment and satisfaction of all the special and specific legacies above given and bequeathed, my trustee or trustees for the time being shall pay over and distribute all that shall then remain, if any remainder there be of my property and estate to the issue of my said sons George P. and Albert D. Wright to be theirs absolutely, or failing such issue, to my right heirs at law, to have and to hold to them, their heirs and assigns forever."

At the date of the will the testator was seventy years old and his wife sixty-five ; they had been married for twenty-five years and had lived together during that time without having had a child. The two sons George P. and Albert were sons of the testator by a former wife.

Three years later, in November, 1888, his son Albert died leaving no issue.

In April of the following year the testator made a codicil, in which, after reciting the death of Albert and of another legatee, he gave (*inter alia*) $15,000 in place of $5,000 to his wife for life, with power to use the principal. The codicil then provides that : " Whereas in items 6 and 7 (six and seven) of said will I made certain other bequests to my said son, Albert D. Wright and made other provisions for him and his issue, I now revoke the same in such respects and give and bequeath the same, save · as herein specially excepted, to John F. Kimball, the Trustee named in said will, to be held, managed and disposed of as trustee as in said will provided excepting so far as changed and modified by this codicil." He gives to George the income of $20,000 in place of $10,000 after the death of his [the testator's]

wife. He then provides for additional bequests to be paid after the decease of his [the testator's] wife, and changes one of his executors. It should be added that the codicil begins with the statement that he makes this codicil, " hereby ratifying and confirming my said will in all respects save as changed by this instrument."

A bill for instructions was brought by the trustee after the death of the wife and the payment of the legacies directed to be paid at that time. In that suit it appeared that there was left in the hands of the trustee some $50,000, and this court held that by the true construction of the will and codicil the income, over and above the income on $20,000 given to George P. for life, was to be accumulated. *Brown* v. *Wright,* 168 Mass. 506. George P. is now dead, never having been married and leaving no issue him surviving. · This bill is brought by the trustee asking the instructions of the court as to the distribution of the trust fund which he alleges consists of about $38,000 personalty and $12,000 real estate. The case was reserved for our decision by a single justice of this court.

The fund is claimed on the one hand by the executors of and the devisees under the will of George P. on the ground that the " right heirs at law " are to be ascertained as of the testator's death and therefore that the interest in the remainder was vested in George P. and passed under his will.

It is claimed also by ten nephews and nieces, the son of a deceased niece, and three infant children of a deceased nephew, on the ground that the right heirs of the testator are to be ascertained as of the decease of George P. Wright, the last of the life tenants.

Anna E. Fay is the adopted daughter of a brother of the testator. She claims under the will of George P. Wright and also that she is an heir of the testator if the estate goes to the heirs as of the date of the death of the life tenant.

It is plain from the provisions of the will and codicil, and especially from the provisions of those instruments read in the light of the circumstances, that the codicil was made in the expectation that his son George would be his only child.

The first contention of those who claim under George P. Wright is that the gift over now in question to heirs is found in the will; that it must have the same construction under the

will and codicil that it originally had under the will, since the construction of the clause is not affected by the change in circumstances intervening between the will and codicil; that the gift to the right heirs of the testator in the will was originally a gift over, after life estates in different parts of the trust, to the two sons, subject to the life estate in the widow on failure of issue of both sons; that under those circumstances the general rule obtains as to the date as of which heirs are to be ascertained, however it may be when the gift over to heirs is made after a life estate in the sole heir presumptive and a failure of issue on his part.

They rely in support of this contention on *Harvard Unitarian Society* v. *Tufts*, 151 Mass. 76, *Pendergast* v. *Tibbetts*, 164 Mass. 270, and on the general proposition that a republication of a will by a codicil under changed circumstances will not alter the construction of the will. That is true, but in our opinion it does not apply in this case. In this case the codicil did alter the very clause now under discussion. It revoked the bequests given to Albert and "the other provisions for him and his issue," and gave and bequeathed the trust estate as provided in the will, " excepting so far as changed and modified by this codicil."

The change thereby made in this clause of the will was to make it a gift over on the failure of the issue of George, the sole heir presumptive, to the right heirs of the testator after a life estate to George the sole heir presumptive in $20,000, being a part of the trust estate, which life estate was subject to a life estate in the whole trust estate in the widow.

The gift here in question is substantially the same as that in question in *Heard* v. *Read*, 169 Mass. 216. In this case there is the prior life estate in the widow, and in effect a direction to accumulate all income above the income on $20,000 given for life to the sole heir presumptive. In *Heard* v. *Read* one half was given to a person named and the other half only to the heirs of the testator.

In both cases there are no words of present gift to the heirs, but the gift to the heirs is made by way of a direction to pay over and distribute only. In both cases the gift over to heirs is made after a life estate in the sole heir presumptive.

The differences between the two cases do not seem to us to be

material. The direction to accumulate the income over and above the income on $20,000 tends to strengthen the conclusion that the remainder in the whole was not to vest in the sole heir presumptive who was limited to a part of the income only.

We are therefore of opinion that the heirs are to be ascertained as of the date of the termination of the life estate.

We are also of opinion that Anna E. Fay, the adopted daughter of the deceased brother, does not take as one of the right heirs of the testator.

By the terms of R. L. c. 154, § 7, the adopted daughter of a deceased brother of the testator would not inherit the testator's real estate as representing that deceased brother. This is conceded by the defendant Fay. Her argument is that an heir is the equivalent of a child within R. L. c. 154, § 8 (for which she cites *Wyeth* v. *Stone*, 144 Mass. 441), and that from the other provisions of this will it plainly appears to have been the intention of the testator to include her as provided in R. L. c. 154, § 8. The inquiry as to whether it did or did not plainly appear to have been the intention of the testator to include the adopted child arose in *Wyeth* v. *Stone*, *ubi supra*, because the bequest there in question was to the heirs of the testator's wife who adopted as a son the person who claimed as her heir. Here the gift over is to the testator's heirs, not to his brother's heirs, and for that reason this case comes within § 7 and not within § 8. For that reason it is not necessary to have recourse to the word " right " heirs, inserted apparently to exclude the possibility of the contention here made or of any similar contention. As to the meaning of " right heirs " see *Owen* v. *Gibbons*, [1902] 1 Ch. 636, 647, 648 ; *Garland* v. *Beverley*, 9 Ch. D. 213, 220 ; *McCrea's estate*, 180 Penn. St. 81, 83.

We are of opinion that the gift over to the right heirs is not void as being too remote.

The gift over to the right heirs of the testator was not a gift over after a life estate in George P. Wright followed by a life estate or life estates during the life of his widow in his widow and children or in his widow alone. The life estate to his widow and children or to his widow alone were each of them expressly made conditional on his dying leaving a widow and children or a widow alone. If those conditions or one of them did not hap-

pen, there was no gift to the widow or to the children, and the gift over to heirs was subject to the life estate of George P. Wright only, conditioned on his dying and leaving no issue him surviving. That gift over is not void for remoteness. *Gray* v. *Whittemore*, 192 Mass. 367. *Miles* v. *Harford*, 12 Ch. D. 691, 703.

The amount of the fund should be ascertained in the Probate Court. *Green* v. *Gaskill*, 175 Mass. 265. When it is ascertained it should be distributed under the decree of this court. The nephews and nieces and the children of deceased nephews and nieces whose interests are identical have chosen to be represented by four counsel. But one set of costs as between solicitor and client should be allowed out of the fund for them all.

*Decree accordingly.*

The case was submitted on briefs.

*H. Dunham*, for James H. Wright and others.

*F. W. Qua & S. E. Qua*, for the executors of and the devisees under the will of George P. Wright.

*M. Storey & J. L. Thorndike*, for William H. Wright.

*J. J. Pickman*, for Frank B. Wright and others.

*F. E. Dunbar & G. H. Spalding*, for Anna E. Fay.

*A. M. Lyon*, for Mary A. Gallant, guardian.