CHARLES S. HOLMES & others *vs.* EVER M. HOLMES & another.

Suffolk.   December 31, 1906. — March 1, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Equity Jurisdiction,* For an accounting. *Probate Court. Trust. Devise and Legacy. Equity Pleading and Practice,* Decree. *Words,* "Legal heirs."

Although this court has no jurisdiction as a court in equity to compel a probate accounting, yet, where a trust fund created by a will has been diverted from the possession and control of the trustee and has passed into the hands of a devisee of one of the *cestuis que trust,* parties claiming the whole or parts of the fund as against each other may come into equity to secure the preservation of the fund and to have their respective rights determined, leaving the final accounting to be had and the net amount of the trust fund to be determined in the Probate Court.

Where under the provisions of a will one of the beneficiaries of a trust has a right to receive one third of the fund in the hands of the trustee at a certain date, and two or three weeks before this date the trustee conveys and transfers to this beneficiary the whole of the fund without authority to do so, the beneficiary and those holding under him should not be compelled to return the third of the fund to which he rightfully is entitled merely because it was conveyed to

him prematurely and because other property to which he is not entitled was conveyed with it.

A testator died leaving both real and personal estate. A widow and a son survived him. He devised and bequeathed all his property to a trustee, and directed the trustee at the expiration of "five years to divide one third of all my estate between my said wife and son in proportions of one third thereof to my wife and two thirds thereof to my son. At the expiration of ten years from my decease to divide one half of my estate then remaining in the hands of my said trustee between my said wife and son in the same proportions. At the expiration of fifteen years to divide all the remainder of my estate between my said wife and son in the same proportions. If either my wife or son should die before the expiration of fifteen years to pay to the survivor the deceased person's share. If both should die before the expiration of said fifteen years to pay over all my estate to the legal heirs of the survivor as soon after his decease as may be found practicable." The testator's widow waived the provisions of his will, and died within three years after the death of the testator. His son died more than five years and less than six years after the death of the testator, leaving a widow and no issue. The heirs by blood of the son claimed the remainder to his "legal heirs" to the exclusion of his widow. *Held,* that on the expiration of five years from the death of the testator the testator's son became entitled to one third of the fund, that on his death the remaining two thirds vested in his legal heirs to be determined at the date of his decease, and that these were the persons who would have been entitled to inherit his real estate if he had died intestate, which included his widow and gave her under St. 1900, c. 450, § 4, now embodied in R. L. c. 140, § 3, cl. 3, one-half of the remainder.

Where a will contains a limitation of a fund consisting of both real and personal property to the "legal heirs" of a person named and there is no indication that the real estate and the personal property are to be treated separately, the whole of the fund goes to those persons who under the laws in force at the time of the death of the person named would be entitled to inherit his real estate if he had died intestate.

Under St. 1900, c. 450, § 4, now embodied in R. L. c. 140, § 3, cl. 3, a widow sharing in a gift to the "legal heirs" of her husband is entitled to one half of the property, and the provision in regard to her first taking $5,000, which relates only to personal property, has no application.

In a suit in equity by the heirs by blood of a certain person against his widow and the trustee under the will of his father, seeking to compel the widow to return to the trustee a certain trust fund the whole of which was conveyed and transferred to her by the trustee, if it appears that the widow is entitled to two thirds of the fund and that the plaintiffs are entitled to the other third of it, the court will order a decree to be entered declaring the rights of the parties, and, if the plaintiffs desire it, ordering the widow to convey and transfer to the trustee a sufficient part of the fund to enable him to account in the Probate Court and to pay and convey to the plaintiffs the share to which they are entitled, but the court will not require the widow to reconvey the whole of the fund to the trustee in order that he may return to her two thirds of it after deducting necessary expenses.

BILL IN EQUITY, filed in the Supreme Judicial Court on September 25, 1903, by the legal heirs by blood of William D.

Holmes, late of Braintree, against Ever M. Holmes, the widow of William D. Holmes, and George H. Mellen the trustee under the will of William A. Holmes, the father of William D. Holmes, praying that the defendant Mellen as trustee under the will of William A. Holmes might be ordered to account to the plaintiffs and that both the defendants might be ordered to transfer and convey to the plaintiffs all the property both real and personal belonging to the trust created by the will of William A. Holmes and to release all right and title thereto.

The case came on to be heard before *Sheldon*, J., who reserved it upon the pleadings, a master's report and the exceptions thereto for determination by the full court, such decrees and orders to be entered as law and equity might require.

The case was submitted on briefs.

*S. K. Hamilton & T. Eaton*, for the plaintiffs.

*H. Parker & F. H. Nash*, for the defendants.

SHELDON, J.   William A. Holmes died on August 21, 1897, testate, leaving both real and personal estate.   He devised and bequeathed all his property to a trustee to whom he gave full control and power of management, with authority to continue a business formerly carried on by the testator.   He then directed the trustee " to pay over to my wife Ellen C. Holmes and to my son William D. Holmes, each the sum of fifty dollars ($50) on the last day of each and every month for the period of five years after my decease, allowing the remainder of said income, if any, to accumulate and become a part of the principal of my estate. At the discretion of my said trustee said monthly payments may be increased to either or both my wife or my son.   At the expiration of said five years to divide one third of all my estate between my said wife and son in proportions of one third thereof to my wife and two thirds thereof to my son.   At the expiration of ten years from my decease to divide one half of my estate then remaining in the hands of my said trustee between my said wife and son in the same proportions.   At the expiration of fifteen years to divide all the remainder of my estate between my said wife and son in the same proportions.   If either my wife or son should die before the expiration of fifteen years to pay to the survivor the deceased person's share.   If both should die before the expiration of said fifteen years to pay over all my

estate to the legal heirs of the survivor as soon after his decease as may be found practicable."

The testator's widow, Ellen C. Holmes, seasonably waived the provisions of this will, and one third of the personal estate, which did not exceed the sum of $10,000, was paid over to her. She died in March, 1900, testate, leaving William D. Holmes her sole heir at law and sole legatee. The defendant Mellen, in April, 1902, was duly appointed trustee under the will of William A. Holmes, and received the personal property belonging to the trust estate, amounting to something over $3,000. The remainder of the trust fund consisted of six parcels of real estate, the appraised value of which was about $22,000. On the fourth day of August, 1902, being seventeen days before the expiration of the first period of five years mentioned in the will of William A. Holmes, the defendant Mellen, as such trustee, at the request of William D. Holmes, delivered to him all of the personal property and conveyed to him all of the real estate in question, without receiving any consideration therefor. William D. Holmes died on May 20, 1903, leaving a widow, the defendant Ever M. Holmes, and no issue, and leaving a will by which he bequeathed all his estate to his widow; and she still holds all of the personal property and the record title to the real estate.

The plaintiffs are all the heirs by blood of William D. Holmes, and they seek by this bill to have the property so conveyed to him by the trustee and now held by the widow impressed with the original trust in their favor, on the ground that they are his only legal heirs to the exclusion of his widow; and they ask that the defendant Mellen be ordered to account to them for the trust estate, and that both defendants be ordered to transfer and convey to them all the property, both real and personal, belonging to the trust estate.

The first question arises upon the defendants' contention that this court has no jurisdiction over the subject matter of the bill. They contend that what the bill seeks is in effect to compel an accounting in this court as a court of equity, and that the original jurisdiction in such a matter is only in the Probate Court, and that the accounting must be had there. *Greene* v. *Brown*, 180 Mass. 308. It is true, as was stated in that case,

that this court has no jurisdiction as a court of equity to compel a probate accounting, and so cannot upon this bill give to the plaintiffs a full and final remedy for the complete enforcement of all the rights to which they may be entitled. *Green* v. *Gaskill*, 175 Mass. 265, 269, and cases there cited. But in this case the trust fund has been diverted from the possession and control of the trustee and has finally passed into the hands of a devisee of one of the *cestuis que trust*. Adversary claims to beneficial interests under the original limitation are made by the plaintiffs and the defendant Ever M. Holmes. Although the extent and amount of the plaintiffs' interest in the fund are disputed, it is not denied that they have a beneficial interest; and they well may come into equity to secure the preservation of the fund, and to have their rights and those of Mrs. Holmes determined, although the final accounting must be had and the net amount of the trust fund determined in the Probate Court. *Brown* v. *Wright, ante,* 540. *Wilson* v. *Boylston National Bank,* 170 Mass. 9. *Tyler* v. *Wheeler,* 160 Mass. 206, 210. *Foster* v. *Bailey,* 157 Mass. 160. *Thorndike* v. *Hinckley,* 155 Mass. 263. *Newell* v. *West,* 149 Mass. 520. *Ammidown* v. *Kinsey,* 144 Mass. 587. *Murray* v. *Wood,* 144 Mass. 195.

The widow of William A. Holmes, having seasonably waived the provisions of her husband's will, became entitled at once to receive, as she did receive, one third part of the personal estate from the executor of his will, and this amount never became part of the trust fund. And whatever property was left by her at her decease passed by her will to her son and sole heir, William D. Holmes. If any of this property remained at his death it has now under his will become vested absolutely in the defendant Ever M. Holmes.

William D. Holmes was still living on August 21, 1902, when the period of five years after the decease of his father expired. His mother having waived the provisions of the will, it became on that day the duty of the trustee to turn over to him one third part of the trust fund. The right to receive this third part of the trust fund was on that day vested in William D. Holmes, alike whether his remainder before that time had been vested or contingent; and it is not necessary to consider whether it was vested or contingent. If contingent, it yet would become

vested at the end of each five year period as to the one third part which then was to be paid over; if vested, it was liable, as to all parts to which the right had not thus become finally vested, to be divested by his decease before the expiration of fifteen years from the death of his father. He became accordingly the rightful owner of one third part of the trust fund on August 21, 1902. See *Welch* v. *Brimmer*, 169 Mass. 204; *Claflin* v. *Claflin*, 149 Mass. 19; *Sears* v. *Putnam*, 102 Mass. 5. The fact that the trustee had a few days before paid and conveyed to him the whole fund did not diminish his right. The final direction given by the will to the trustee, " if both [the widow and the son of the testator] should die before the expiration of said fifteen years to pay over all my estate to the legal heirs of the survivor," can refer only to that part of his estate which should not have been already paid over or which had not already become finally vested at the expiration of the respective five and ten year periods. Just as the survivor of the wife and the son, if the former had not waived the provisions of the will, would take only what had not been paid over or become vested under the previous limitations, so the rights of the heirs of the survivor under the final provision must be similarly limited. It follows that although the conveyance of August 4, 1902, was made by the trustee without right, yet William D. Holmes the grantee therein named was, after August 21, 1902, the rightful owner and holder of one third part of the property named therein; and, as his right has passed to his widow the defendant Ever M. Holmes, she ought not now to be disturbed in her enjoyment of that part of the original trust fund.

It is not disputed, however, that as William D. Holmes died on May 20, 1903, the remaining two thirds of the trust fund, together with the income thereof, vested beneficially on that day in his legal heirs; and the question arises who are the parties entitled to take under that designation. We think it is plain that under this limitation the heirs are to be determined as of the date of his decease, and are the persons who, under the laws then in force, would have been entitled to inherit his real estate if he had died intestate. *Blodgett* v. *Stowell*, 189 Mass. 142, 143. *International Trust Co.* v. *Williams*, 183 Mass. 173. *Proctor* v. *Clark*, 154 Mass. 45. *Lincoln* v. *Perry*, 149 Mass. 368. *Dove* v.

*Torr*, 128 Mass. 38. The fund consists of both real and personal property; there is no indication that more than one class is intended by the term "legal heirs," or that the real estate and the personal property are to go in different directions; the circumstances are like those which were found in *Clarke* v. *Cordis*, 4 Allen, 466, and *Lombard* v. *Boyden*, 5 Allen, 249; and the rule of those cases should be applied and the whole property should go to those who are technically to be described as heirs. See the cases cited in *Gray* v. *Whittemore*, 192 Mass. 367, 380. Except however in the case of husband and wife, the distinction between heirs and distributees ordinarily would not be important under our present legislation. R. L. c. 140, § 3, cl. 3. *Parkman* v. *McCarthy*, 149 Mass. 502.

The plaintiffs are the heirs by blood of William D. Holmes; the defendant Ever M. Holmes is his widow. The act of 1900, c. 450, § 4, now embodied in R. L. c. 140, § 3, cl. 3, was then in force : " If the deceased leaves no issue, the surviving husband or widow shall take five thousand dollars and one-half of the remaining personal property and one-half of the remaining real property. If the personal property is insufficient to pay said five thousand dollars, the deficiency shall, upon the petition of any party in interest, be paid from the sale or mortgage, in the manner provided for the payment of debts or legacies, of any interest of the deceased in real property which he could have conveyed at the time of his death." Under the Pub. Sts. c. 124, § 3, the widow of one who died intestate and without issue, but leaving kindred, was entitled to take his real estate in fee to an amount not exceeding $5,000 in value, and also to have a life estate in one half of the other real estate of which he died seised, or, if she so elected, to her dower in his real estate other than that taken by her in fee. Under this statute she took the real estate in fee to the value of $5,000 in addition to her right of dower, and was an heir of her husband to that extent; but the life estate in one half of his other real estate, though vesting in her and making her a tenant in common with his heirs, was given to her as a substitute merely for her dower and was not taken by her as an heir, because she took no estate by inheritance. See *Elliot* v. *Elliot*, 137 Mass. 116 ; *Cochran* v. *Thorndike*, 133 Mass. 46 ; *Sears* v. *Sears*, 121 Mass. 267 ; *Eastham* v. *Barrett*, 152 Mass. 56. The

widow then would be entitled, as heir of her husband under such a limitation as that, to real estate to the value of $5,000, but she had no further rights. *Proctor* v. *Clark*, 154 Mass. 45. *Olney* v. *Lovering*, 167 Mass. 446. In this respect the rights of husband and wife in each other's estate were the same. See *Gray* v. *Whittemore*, 192 Mass. 367, 381 *et seq* ; *Smith, petitioner*, 156 Mass. 408; *Lavery* v. *Egan*, 143 Mass. 389.

Under the statute in force both now and at the time of the death of William D. Holmes, the only estate of inheritance given to the widow of one dying intestate and without issue is one half of his real property. R. L. c. 140, § 3, cl. 3. The $5,000 which is given to her is to be paid out of the personal property, although, if that is insufficient, it is made a charge upon the real estate to the extent of any deficiency. She has merely a right of action against the administrator for the payment of the $5,000, with the further right to insist that if necessary the real estate shall be sold or mortgaged to provide for any deficiency in the fund available for her payment. She takes no estate of inheritance in any real estate under this provision. But she does take an estate of inheritance in one half of his real estate, and as to this, in conformity to the principles which were established by the decisions above cited made under Pub. Sts. c. 124, § 3, she must be regarded as a statutory heir of her husband. This has been expressly held with regard to the further provision of the statute that if the deceased leaves issue a surviving husband or widow shall take one third of the remaining real property. *International Trust Co.* v. *Williams*, 183 Mass. 173. Manifestly a different canon of construction cannot be applied to the clause of the statute here in question.

It follows that the defendant Ever M. Holmes is entitled, as a statutory heir of her husband, he having died without issue, to one half part of that portion, being two third parts of the trust fund, which was without right in his possession at his death, and is now held by her. To the other half part of that portion of the fund with the accrued income the plaintiffs are entitled. That is, the plaintiffs are entitled to one third part of the trust fund as it was constituted when conveyed in 1902 by the trustee to William D. Holmes ; and the defendant Ever M. Holmes is entitled to the other two thirds thereof, one of these third parts

having come to her as the sole devisee and legatee of her husband in whom it had become vested during his lifetime, and one being held by her as a statutory heir of her husband.

It is unnecessary to consider the plaintiffs' exceptions to the master's report in detail. They all are covered by what has been stated. A decree may be entered declaring the rights of the parties in conformity with this opinion. If the plaintiffs desire it, they are entitled to have a sufficient part of the trust fund conveyed to the trustee or to any successor of his who may be appointed by the Probate Court to enable him to account in that court and to pay and convey to them the share to which they are entitled ; and, if they desire it, this may be included in the decree. It would be useless, however, to require Mrs. Holmes to reconvey everything to the trustee merely to enable him to convey back to her two thirds thereof less perhaps what expenses might necessarily be incurred.

*Decree accordingly.*