FRANCIS PEABODY, JR., trustee, *vs.* HARRIET F. COOK & others.

Norfolk.    December 4, 1908. — February 26, 1909.

Present: KNOWLTON, C. J., MORTON, BRALEY, SHELDON, & RUGG, JJ.

*Devise and Legacy,* Right heirs.    *Husband and Wife.    Words,* "Right heirs."

Whether in this Commonwealth the phrase "right heirs" when used in a will always is equivalent to statutory heirs, or whether sometimes it may have the meaning of heirs by the blood or possibly some other significance, it here was not necessary to determine, because a reference to the statutes of Massachusetts regulating the descent and distribution of intestate estates, contained in the will which was being construed, made it plain that the words were used in the sense of statutory heirs.

R. L. c. 140, § 3, cl. 3, creates a widow a statutory heir of her deceased husband.

Where, by the terms of a will, real and personal property are given to one to hold in trust to pay the income to one W. during his life and on his death leaving his wife, F., surviving, to F. during her life, and on the death of the survivor of W. and F. to convey and distribute the property " to and among the right heirs at

law of W., agreeably to the statutes of Massachusetts regulating the descent and distribution of intestate estates, the issue of any deceased child taking its parent's share," if, upon F.'s dying before W., W. marries H. and dies leaving issue, H. is entitled to one third of the property to be distributed by the trustee, she being as widow one of the "right heirs" of W. " agreeably to the statutes of Massachusetts."

PETITION, filed in the Probate Court for the county of Norfolk on February 11, 1908, by the trustee under the will of Isaac Cook, late of Brookline, for leave to sell real estate and to distribute the proceeds.

Answers were filed by five children of the testator, alleging that they each should receive one fifth of the net proceeds of the sale ; and by the widow, the wife of the testator by a second marriage, claiming one third of the net proceeds.

The case was heard in the Probate Court before *Flint,* J., who ordered the sale and a distribution among the five children only ; and the widow appealed.

The case was heard in this court by *Braley,* J., who reserved it for determination by the full court.

*F. Peabody, Jr.,* trustee, stated the case as stakeholder.

*J. T. Wheelwright,* for the respondent Harriet F. Cook, appellant.

*E. K. Arnold,* for the respondents Frances W. Russell and others, appellees.

RUGG, J.   This is a petition by the trustee under the will of Isaac Cook for leave to convert certain real and personal estate into cash, and to distribute the proceeds to such persons as may be entitled thereto under the provisions of the will.   The trustees were directed, by the seventh and eighth clauses of the will, to hold certain real and personal property upon the trust, first to pay the income thereof to a grandson of the testator, William W. Cook, during his life, and to Frances A. Cook, his wife, if she survived him, during her life.   The trust was to terminate upon the decease of the survivor of these two, and the trustees were directed as to the property held under clause seven to thereupon convey the estate " to and among the right heirs at law of said William W. Cook, agreeably to the statutes of Massachusetts regulating the descent of intestate estates, the issue of any deceased child taking its parent's share."   As to the property held under clause eight, they were directed to dis-

tribute the property " to and among the right heirs at law of the said William W. Cook agreeably to the statutes of Massachusetts regulating the descent and distribution of intestate estates, the issue of any deceased child taking its parent's share." William W. Cook and Frances A. Cook both survived the testator, and subsequently Frances A. Cook deceased, having had five children by William W. Cook, three of whom are now living, the others having died without issue. Thereafter William W. Cook married as his second wife the appellant, Harriet F. Cook, who has borne by him two children, both now living, and who has survived him.

William W. Cook died within a year prior to the filing of this petition.

The question presented is whether the second wife, Harriet F. Cook, shares under the provisions of the will of Isaac Cook, or whether the property is to be divided wholly among the children of William W. Cook.

If the word " right " had been omitted from the clauses above quoted governing the final distribution of the estate, there would be no question but that the second wife would be entitled to share in the estate. R. L. c. 140, § 3, cl. 3, creates a surviving wife a statutory heir of a deceased husband, who leaves issue. It is true that by R. L. c. 132, § 1, the wife is given the right to waive her inheritance and claim her dower at common law, but we construe this statute to mean that the wife stands upon the same footing respecting the interest in the real estate of a deceased husband, where the deceased leaves a widow and issue, as she does where the deceased leaves no issue, in which event she is given at least $5,000 and one half the remaining real and personal estate. It has been repeatedly held that in the latter event the wife is a statutory heir. She is included among those who take real estate in fee in case of intestacy, which is the familiar definition of heir at law. *Proctor* v. *Clark*, 154 Mass. 45. *Smith, petitioner*, 156 Mass. 408. *International Trust Co.* v. *Williams*, 183 Mass. 173. *Holmes* v. *Holmes*, 194 Mass. 552, 559. *Gray* v. *Whittemore*, 192 Mass. 367, 381.

The only doubt arises from the presence of the word "right" before " heirs " in these two clauses of the will. These two

words have been adverted to in *Brown* v. *Wright*, 194 Mass. 540,
·545, and in *Boston Safe Deposit & Trust Co.* v. *Blanchard*, 196
Mass. 35, but their meaning was not defined in either of these
cases.    The phrase "right heirs" has been before other courts
in several instances, and has generally been held to mean the
same as heirs at law.    *Guerard* v. *Guerard*, 73 Ga. 506, 510.
*Balentine* v. *Wood*, 15 Stew. 552.    *Brown* v. *Wadsworth*, 168
N. Y. 225.    *Gordon* v. *Small*, 53 Md. 550, 560.    *Sladen* v.
*Sladen*, 2 J. & H. 369.    *In re Ferguson*, 24 Ont. App. 61.    See
1 Washb. Real Prop. (6th ed.) § 150.    In several English cases
it has been said that the words "right heirs" mean the heirs at
common law.    *Garland* v. *Beverley*, 9 Ch. D. 213, 220.    *De
Beauvoir* v. *De Beauvoir*, 3 H. L. Cas. 524, 551.    *Owen* v.
*Gibbons*, [1902] 1 Ch. 636, 647.    There is ground for argument
that, applying the principle of the English cases to the present
statutory provisions in Massachusetts in the light of the history
of our statutes touching the determination of heirs of persons
who decease intestate, the phrase "right heirs" means nothing
more than statutory heirs.    See also *Mason* v. *Baily*, 6 Del.
Ch. 129 ; *In re McCrea*, 180 Penn. St. 81 ; *Brown* v. *Wright*,
194 Mass. 540, 545.    A difficulty might arise in determining
what the common law is (if that interpretation should be
adopted) in view of primogeniture under English common law
and its early abolition by statute in the Colony and Province, of
which this Commonwealth is the successor.

      But it is not necessary to determine whether the phrase
under all circumstances necessarily is equivalent to legal heirs
or whether it may sometimes have the meaning of heirs by
the blood, or possibly some other significance, for it is manifest
from the will now under consideration that the testator intended
to have his estate distributed according to the statutes of de-
scent.    We need only apply the cardinal rule of will construc-
tion, which is to ascertain the intent of the testator and give it
effect, unless prevented by some inflexible rule of law.    Attrib-
uting to the phrase, "right heirs," standing by itself, the re-
strictive force claimed by the children of William W. Cook, it is
altogether overborne by the emphatic, technically accurate and
indisputably clear language of the will immediately succeeding
the words, "the right heirs at law of William W. Cook,"

namely, " agreeably to the statutes of Massachusetts regulating the descent of intestate estates." The testator thus makes plain his intention to incorporate into his will as a part of its terms the statute as to the descent of real estate of an intestate, as it might be at the time the will became operative. " Right" as descriptive of " heirs" is a word unknown in our statutes, which employ only heirs. If anything beyond the natural sense of the words of the will was needed to reach this conclusion, it is to be found in another portion of clause seven, where, after having provided for the conversion of the entire trust funds thereby created into personal property, in a certain event which did not arise, he proceeds to say that after the death of both Frances A. and William W. Cook the estate should be divided " to and among the right heirs at law of said William W. Cook, agreeably to the statutes of Massachusetts regulating the distribution of intestate estates," thereby recognizing the difference between the distribution of personal property and the descent of real estate, and specifically providing that such distribution should be according to the statute regulating distribution, although he still employs the phrase, " right heirs." " Right" becomes, in the light of the context in which it is used, at best an adjective of dignity or approval of the legislative determination of the persons who constitute " heirs."

As there is real estate devised by both clauses of the will, the whole property, both real and personal, will go to those who technically are described as heirs, there being no indication that more than one class is intended. *Gardner* v. *Skinner*, 195 Mass. 164. The decree of the Probate Court is reversed, and a decree should be entered giving one third of the estate to Harriet F. Cook, the second wife, absolutely, and dividing the rest equally among the five children of William W. Cook.

*So ordered.*