JANE A. NESBIT, administratrix, *vs.* FRANK H. CANDE, administrator.

Berkshire.  September 13, 1910. — October 18, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Husband and Wife.  Descent and Distribution.  Executor and Administrator. Commonwealth.  Escheat.  Probate Court,* Appeal.

By R. L. c. 140, § 3, the surviving husband of a wife, who died without issue leaving an estate amounting to less than $5,000, has a vested right of inheritance in her real estate as her statutory heir, and, if such real estate has been sold for the payment of debts and after such payment there remains in the hands of the administrator of the wife's estate a balance of less than $5,000, the husband is entitled to the whole of it.

Upon the petition of the administrator of the estate of a married woman who died without issue, alleged to be also one of the heirs at law of his intestate, for an order to distribute the balance of her estate in the hands of the petitioner, which was derived from the sale of her real estate for the payment of debts and amounted after such payment to less than $5,000, all of which by R. L. c. 140, § 3, goes to the husband of the intestate, if it appears that such husband survived his wife and then died intestate, leaving no heirs or next of kin in this Commonwealth or elsewhere so far as known, the petitioner is not aggrieved by a decree order-

ing him to pay the whole of the balance to the administrator of the estate of the husband, because the petitioner has no interest in the question whether the balance of the proceeds from the sale of the real estate of the wife should have been ordered to be paid to the administrator of the husband's estate or to the husband's heirs or to the Commonwealth by reason of escheat.

APPEAL, dated February 11, 1910, from a decree of the Probate Court for the county of Berkshire, upon the petition of Jane A. Nesbit, administratrix of the estate of Julia A. Slater, late of Pittsfield, alleged to be also an heir at law of the intestate, for the distribution of a balance in her hands as such administratrix, such decree ordering the petitioner to pay the whole of such balance to the administrator of the estate of Henry Slater, the husband of Julia A. Slater, who survived her and afterwards died intestate.

The case on appeal was presented to *Knowlton*, C. J., upon an agreed statement of facts, as follows:

Julia Slater died on September 20, 1905, leaving a husband, Henry Slater, and no issue. Her next of kin were four sisters and a brother, and eight nephews and nieces, the children of deceased sisters. Julia Slater died seized and possessed of certain real estate appraised at $600 and of no greater value than $1,000. She left no other property save a deposit in the Berkshire County Savings Bank in the names of Julia and Henry Slater amounting to $300. There was also personal property to the amount of $75, the ownership of which may have been in either Julia or Henry Slater. After the death of Julia A. Slater, Henry Slater, her surviving husband, continued to occupy and use the real estate and treated it in all ways as his own, but the real estate was never set off to him or sold under the provisions of Sts. 1905, c. 256. Henry Slater died on April 29, 1906, leaving no heirs in this Commonwealth or elsewhere so far as known.

On May 17, 1906, Frank H. Cande, a public administrator, was appointed administrator of the estate of Henry Slater. On September 12, 1906, Frank H. Cande, as such administrator, petitioned the Probate Court for leave to sell the real estate owned by Julia Slater at the time of her decease at private sale in accordance with an offer named. This petition was allowed on December 4, 1906, but the sale was not made. In the mean-

time, on September 24, 1906, Jane A. Nesbit was appointed the administratrix of the estate of Julia A. Slater.

On September 27, 1906, Frank H. Cande as administrator of the estate of Henry Slater petitioned for the assignment of said real estate in fee under the provisions of St. 1905, c. 256, but this petition was never acted upon by the court, and on December 18, 1906, Jane A. Nesbit, as administratrix of the estate of Julia A. Slater, petitioned for the sale of said real estate, her petition was allowed on January 1, 1907, and the real estate was sold at public auction for the sum of $750. The final account of Jane A. Nesbit showed the receipt of no other property than the proceeds of this sale, and according to that account, which was allowed on November 29, 1909, there was a balance in the hands of the administratrix of $352.84.

On December 3, 1909, Jane A. Nesbit, as administratrix of the estate of Julia A. Slater, filed a petition for an order for the distribution of the balance among the next of kin of Julia A. Slater, and upon this petition the Probate Court made the decree appealed from, that the balance should be paid to Frank H. Cande, as administrator of the estate of Henry Slater.

The Chief Justice ordered that a decree should be entered affirming the decree of the Probate Court and remitting the case to that court for further proceedings. From the decree entered in accordance with this order the petitioner appealed.

*P. J. Moore,* for the petitioner.

*F. H. Cande, pro se,* submitted a brief.

SHELDON, J. Upon the death of Mrs. Slater without issue and leaving an estate amounting to less than $5,000, her surviving husband took a vested right of inheritance as statutory heir in her real estate. R. L. c. 140, § 3. *Eastham* v. *Barrett,* 152 Mass. 56. *Howe* v. *Berry,* 168 Mass. 418. *Holmes* v. *Holmes,* 194 Mass. 552, 559. *Peabody* v. *Cook,* 201 Mass. 218. The rights of her other heirs under R. L. c. 133, are by § 1 of that chapter expressly made subject to the right of her husband. This right of a surviving husband or wife is not abridged by the other provisions contained in R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256. These provisions merely afford a convenient means of ascertaining and adjudicating the facts upon which that right depends and so determining its existence and extent.

Accordingly, on the husband's subsequent decease, his heirs, or if he left none, then the Commonwealth by escheat (R. L. c. 140, § 3, cl. 3) became entitled to the property and to the surplus of its proceeds after payment of his wife's debts.

This petitioner is not interested in the question whether these proceeds should have been ordered to be paid to the respondent as administrator of his estate, or to his heirs, if any, or to the Commonwealth. Having no concern with that question, she is not aggrieved by the decree made.

*Decree affirmed.*