## JENNIE M. NAYLOR *vs.* ADDIE M. NOURSE.

Essex.   October 15, 1918. — November 27, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil,* Appeal, Memorandum of judge. *Joint Tenants and Tenants in Common. Husband and Wife. Widow.*

On an appeal from a decree made by a judge of the Superior Court establishing a lien under St. 1909, c. 490, Part II, §§ 74, 75, for the amount of the respondent's proportion of taxes on certain real estate which had been paid by the petitioner as cotenant and ordering a sale of the respondent's interest in the

real estate, a memorandum of decision made by the judge is not a part of the record, and, if printed with the record of the appeal, it must be disregarded by this court.

Under R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256, a widow, whose husband died intestate without issue leaving an estate worth less than $5,000, takes upon his death a vested right in his real estate as his statutory heir.

The provisions contained in St. 1905, c. 256, in regard to setting out the real estate to the widow in such a case, do not abridge nor qualify the nature of her interest.

PETITION, filed in the Superior Court on July 31, 1917, under St. 1909, c. 490, Part II, §§ 74, 75, by a tenant in common of four parcels of real estate in Lynn to establish and enforce a lien on the respondent's interest as alleged cotenant in such real estate to secure the payment to the petitioner of the respondent's proportion of the taxes on such real estate for the year 1916, the whole of which were paid by the petitioner.

In the Superior Court the case was heard by *Dubuque*, J. The judge filed a "Memorandum" stating his findings and an order for a decree, and later filed an "Amended memorandum." Both of these were printed with the record of the appeal, but, as stated in the opinion, were disregarded by this court. The facts that appeared by the record itself are stated in the opinion. The judge made a decree establishing the petitioner's lien as prayed for and ordering a sale of the respondent's interest in the real estate to satisfy the petitioner's lawful claim. The respondent appealed.

*W. E. Sisk, R. L. Sisk & W. O'Shea*, for the respondent, submitted a brief.

*G. H. McDermott, (J. M. Fowler* with him,) for the petitioner. Lieutenant Colonel *F. G. Bauer*, who originally had charge of the case for the petitioner, was absent on military service in France.

DE COURCY, J. The petitioner owns an undivided half interest in four parcels of real estate in the city of Lynn. The other undivided half interest was owned by her brother James G. Nourse, who died April 15, 1915, intestate, leaving a widow, who is the respondent, Addie M. Nourse, and no issue. No administration has yet been granted on his estate. In June, 1917, the petitioner paid the entire tax assessed by the city on said real estate for the year 1916. She then brought this petition, under St. 1909, c. 490, Part II, §§ 74, 75, to enforce a lien upon the interest of the respondent as cotenant of said real estate, for the proportion of such tax payable by said Addie M. Nourse. The case is before

us on the respondent's appeal from the decree of the Superior Court, establishing the lien and ordering a sale of the respondent's undivided interest to satisfy the petitioner's lawful charges and expenses.

The only objection to the decree relied on by the respondent is the contention that she has no title in said real estate, and therefore cannot be a tenant in common'with the petitioner. Although we must disregard the memorandum of the trial judge, as it is no part of the record (*Cressey* v. *Cressey*, 213 Mass. 191) the facts are not in dispute. So far as the record discloses there were no unpaid debts of the deceased James G. Nourse, no charges against his estate, and no personal property left by him. In any event it is admitted that the whole amount of the estate left by him was less than $5,000 in value. See St. 1905, c. 256. The statute which determines the rights of his surviving spouse, the respondent, is R. L. c. 140, § 3, cl. 3, as amended by St. 1905, c. 256. The portion here material reads as follows: "If the deceased leaves no issue, the surviving husband or widow shall take five thousand dollars and one half of the remaining personal property and one half of the remaining real property." The contention of the respondent, that under this statute she would acquire no interest in the real estate unless and until it should be set off to her, is disposed of by the recent cases *Nesbit* v. *Cande*, 206 Mass. 437, and *Walden* v. *Walden*, 213 Mass. 418. Upon the death of her husband without issue, and leaving an estate amounting to less than $5,000, she took a vested right in his real estate as statutory heir. The provisions of the statute for the sale or the setting out to her of the real estate, do not abridge nor qualify the nature of her interest, but merely afford means of determining the existence and extent of her right, and an additional form of remedy to assert her title. *Nesbit* v. *Cande, supra. Sears* v. *Sears*, 121 Mass. 267, 269. *Eastham* v. *Barrett*, 152 Mass. 56. See *Bury* v. *Sullivan*, 201 Mass. 327.

*Decree affirmed with costs.*