JAMES W. SPRING, administrator, *vs.* WINIFRED F. CURRY & others.

Suffolk. March 24, 1927. — July 7, 1927.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Probate Court*, Appeal. *Descent and Distribution. Widow. Executor and Administrator*, Sale of real estate.

Where, upon an appeal from a decree in a suit in equity in a Probate Court for instructions, there is no report of evidence taken under G. L. c. 215, § 18, nor a report of facts found by the trial judge made upon a request under § 11 of that chapter, or anything to show specifically what facts the judge found, the sole question presented to this court is, whether the decree was within the scope of the petition.

It is improper to include in the record upon such an appeal a copy of an account filed with the register of probate by the petitioner if it does not appear that it was in evidence before the trial judge, although such an account was referred to, but not annexed to, the petition.

Upon the death intestate in 1917 of a man leaving surviving him a widow and brothers and sisters but no issue, and real estate and personal property of less value than $5,000, the entire property of the deceased became the widow's under R. L. c. 140, § 3, cl. 3; St. 1905, c. 256, without her first applying to the Probate Court for a decree permitting a sale or mortgage of the real estate or for a decree setting off the real estate to her; and she is entitled to the entire income from the real estate after the death of her husband.

PETITION, filed in the Probate Court for the county of Suffolk on February 14, 1925, by the administrator of the estate of Andrew J. Curry, for instructions.

The petitioner alleged in the petition that the inventory of the estate of his intestate disclosed "that there was but $65.53 of personal property and equities in two parcels of real estate in said Boston valued by the appraisers as being together worth $6,200"; that the petitioner "made every effort to sell said equities in said real estate but was unable to do so until 1922," when, under leave of court, he sold such equities "and did receive and account for the proceeds of said sale as more fully set forth in a probate account made by him on January 24, 1923, recently filed, whereby it appears that said Annie V. Curry, widow, was paid and did receive as widow of said Andrew J. Curry sums of money amounting altogether to $3,763.51"; that acting under a power of attorney given by the widow and by the heirs at law of his intestate, he had collected as rents from the time of the death of the intestate up to the time of such sale the sum of $1,139.54; and that the widow claimed that amount of $1,139.54. The petitioner sought instructions as to his duty with regard to such amount.

An answer was filed by the widow in which she admitted the allegations of the petition and stated that "as such widow and by virtue of the statute of distribution of the property of deceased persons she is entitled to receive from said estate the sum of $5,000"; that as it appeared "from the petition that the total value of the deceased's estate, both personal and real, was less than $5,000 she is thus entitled to receive the amount now held by the administrator, to wit — $1,139.54."

The heirs at law of the intestate filed an answer in which they asserted that the real estate descended to them subject to the statutory provisions and that they were entitled to the amount of rent received and in the hands of the petitioner.

The suit was heard by *Dolan,* J. There is no report in the record of what the evidence before him was. Annexed to the printed record is a copy of the first and final account of the petitioner as administrator; but there is nothing in the record to show that this was before the judge at the hearing of the petition. This account shows the sale of the real

estate in question for $13,000 and the payment of mortgage notes secured by such real estate in the sum of $8,400.

The judge made no findings of fact, stated that his decree was made "after hearing and consideration," and ordered and decreed that the sum of $1,139.54 be paid to the widow. The other heirs at law appealed.

The case was submitted on briefs.

*F. A. Turner,* for Winifred Frances Curry and others, appellants.

*G. V. Phipps & P. G. Ryan,* for Annie V. Curry, appellee.

CARROLL, J.  This petition is before this court upon an appeal from a decree entered by order of a judge of the Probate Court without a report of evidence taken under G. L. c. 215, § 18, or a report of facts found by the judge made upon a request under G. L. c. 215, § 11, or anything to show what facts the probate judge found.  The sole question presented to this court, therefore, is whether the decree was within the scope of the petition.  G. L. c. 215, § 21, *Brogna* v. *Commissioner of Banks,* 248 Mass. 241.

The copy of an account was improperly annexed to the record.

It is obvious that facts might have been presented to the judge which would have resulted in his finding that, notwithstanding the appraisal made of the property of the intestate upon the inventory filed and described in the petition, the real value of the entire estate, real and personal, was $5,000 or less.  Such being found to be the fact, by R. L. c. 140, § 3, cl. 3, under which statute the rights of the parties are to be determined, as the deceased died intestate and without issue, the surviving widow took a vested interest in the real estate as statutory heir.  That right is not abridged by the provisions in the statute for the setting out of the real estate.  R. L. c. 140, § 3, cl. 3.  St. 1905, c. 256.

It was not essential for the widow to apply to the Probate Court for a decree permitting a sale or mortgage of the real estate or for a decree setting off the real estate to her.  "These provisions merely afford a convenient means of ascertaining and adjudicating the facts upon which that right depends and so determining its existence and extent."  *Nesbit* v. *Cande,*

206 Mass. 437, 439, 440. As the estate was less than $5,000 in amount, the entire property became hers on the death of her husband, and the income therefrom belonged to her. The case is governed by *Nesbit* v. *Cande, supra, Walden* v. *Walden,* 213 Mass. 418, and *Naylor* v. *Nourse,* 231 Mass. 341.

We do not consider *Holmes* v. *Holmes,* 194 Mass. 552, applicable on the facts here shown.

The decree of the Probate Court directing the administrator to pay the widow $1,139.54 is affirmed.

*Ordered accordingly.*