FANNY MAY HITE *vs.* LEWIS F. HITE.

SAME *vs.* LEWIS F. HITE & another.

Middlesex. July 12, 1938. — October 25, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Descent and Distribution,* Nonresident decedent. *Widow. Evidence,* Foreign law.

This court, under G. L. (Ter. Ed.) c. 233, § 70, took judicial notice of the statutory law of another State not presented to the trial court.

Upon the death of a nonresident intestate leaving realty and personalty in this Commonwealth worth less than $5,000 but a total estate of more than that sum, and leaving a widow and kindred but no issue, the widow, under G. L. (Ter. Ed.) c. 190, § 1; c. 199, § 1, was not entitled to all the estate here: the personalty was distributable according to the law of the decedent's domicil, and she was entitled to a one-half interest in the realty.

Two PETITIONS, filed in the Probate Court for the county of Middlesex on November 27, 1937, and August 20, 1937.

The cases were reserved and reported by *Leggat,* J., for determination by this court, where they were submitted on briefs.

*R. H. Wiswall & E. G. Kraetzer, Jr.,* for the petitioner.

*G. Newhall & J. Fine,* for the respondents.

RONAN, J.   These are two petitions filed in the Probate Court for the county of Middlesex by Fanny May Hite, the administratrix of the estate of her husband, Hugh M. Hite, late of Urbana, Ohio.   The first petition is brought by virtue of G. L. (Ter. Ed.) c. 190, § 1, to determine the value of specific personalty and real estate, alleged to be all the property left by the decedent in this Commonwealth and to be of a value less than $5,000.   The second petition is based on G. L. (Ter. Ed.) c. 241, § 2, and seeks the partition and sale of the real estate mentioned in the first petition.

Both petitions were heard together in the Probate Court upon a statement of agreed facts, from which it appeared that the petitioner's husband, Hugh M. Hite, a resident of Urbana, Ohio, died on July 25, 1937, intestate, without issue, his wife, the petitioner, and his father, Lewis F. Hite, the respondent in the first case, surviving him; that ancillary administration has been taken out in this Commonwealth by the petitioner; that at the time of his death the intestate was the owner of a one-third undivided interest in certain real estate in Cambridge, which he inherited from his mother, who died intestate in 1936; that his father and his sister, Harriet J. Hite, the respondents in the second case, each owned one undivided third interest in this realty; that the value of the intestate's interest did not exceed $3,000; and that in addition to his interest in the aforesaid real estate he was the owner of two bank deposits here amounting to $1,192.02.   The decedent at the time of his death owned personal and real property situated in the State of Ohio.   The parties agreed that the total value of the estate left by the decedent in this Commonwealth is less than $5,000 and that the total net estate in both States exceeds this amount.   The Probate Court, without making any decision on either petition, reported

both cases, in accordance with G. L. (Ter. Ed.) c. 215, § 13, for the determination of this court.

The underlying question presented for decision in both cases is whether the wife of a nonresident husband, dying intestate without issue but leaving kindred, is entitled to take all his personal and real property located in this Commonwealth, if the value thereof does not exceed $5,000.

It has been the law of this Commonwealth for more than one half of a century that the surviving spouse of a decedent dying intestate, without issue but leaving kindred, takes a vested inheritable fee in the real estate of the decedent. At first, such a spouse took all the real estate in fee to an amount not. exceeding $5,000 in value. St. 1880, c. 211, §§ 1, 3. Pub. Sts. c. 124, §§ 1, 3. Then, the share of the survivor was enlarged by joining his rights as heir and distributee and providing for the payment of $5,000 together with one half of the remaining real and personal property. R. L. c. 140, § 3, Third. By subsequent enactments such a surviving spouse was given the entire estate if its value did not exceed $5,000. St. 1905, c. 256. St. 1917, c. 303. St. 1920, c. 468. G. L. (Ter. Ed.) c. 190, § 1. The widow of such a decedent is entitled as heir and distributee to take the whole estate if its value does not exceed $5,000. *Lavery* v. *Egan,* 143 Mass. 389. *Lincoln* v. *Perry,* 149 Mass. 368. *Eastham* v. *Barrett,* 152 Mass. 56. *Howe* v. *Berry,* 168 Mass. 418. *Bury* v. *Sullivan,* 201 Mass. 327. *Nesbit* v. *Cande,* 206 Mass. 437. *Walden* v. *Walden,* 213 Mass. 418. *Naylor* v. *Nourse,* 231 Mass. 341.

Nothing herein decided is contrary to *Holmes* v. *Holmes,* 194 Mass. 552, or *Merchants National Bank of New Bedford* v. *Church,* 285 Mass. 217, because the wife in the first case and the husband in the second case each came within the designation of an heir of the deceased spouse and thereby took an estate, not in the property of the latter, but in the property of a third person. See *Spring* v. *Curry,* 260 Mass. 556, 559; *Old Colony Trust Co.* v. *Sullivan,* 268 Mass. 318.

The intestate was a nonresident and his estate located here must be administered in the manner prescribed by

G. L. (Ter. Ed.) c. 199, § 1. The petitioner was appointed ancillary administratrix by the Probate Court in this Commonwealth, and, after the payment of debts, was obliged to distribute the personal estate in accordance with the laws of Ohio, or, upon the allowance of her accounts, to pay it over to the domiciliary administrator for distribution, in the proportion and to the persons entitled to receive it under the pertinent statutes of that State. G. L. (Ter. Ed.) c. 199, § 2.

Chapter 199 must be construed with chapter 190 as parts of a single and complete statutory arrangement covering the descent and distribution of estates. Each must be accorded, in its field, the force and effect which the Legislature intended it to have. Such inconsistencies, if any, as may arise from the operation of statutes limited to the settlement of estates of nonresidents, when employed in conjunction with statutes governing the descent and distribution of property left by those domiciled here, must be so resolved as to produce a harmonious and workable statutory system. *Brooks* v. *Fitchburg & Leominster Street Railway*, 200 Mass. 8. *Decatur* v. *Auditor of Peabody*, 251 Mass. 82. *Tillson* v. *Springfield*, 258 Mass. 72.

The right of the petitioner to share in the estate of her husband located here is a creature of our statutes. The fact that, if her husband were a resident decedent, she would be entitled to take all of his estate, is not at all decisive that her share would be the same if he were a nonresident. There are essential differences between G. L. (Ter. Ed.) c. 199 and G. L. (Ter. Ed.) c. 190. The former is applicable only to the estates of nonresident decedents. It is limited to such property as is found within this jurisdiction and does not extend to the complete settlement of all the estate which is the subject matter coming within the sweep of c. 190. In the next place, our statutes require that recognition be given to the laws of the sister State in determining the distribution of the personalty located here, while under our statutes governing the administration of the estate of a resident decedent the entire estate is administered exclusively according to our own laws. These latter

provide that the surviving spouse shall take the whole of an estate, the value of which does not exceed $5,000; but if its value exceeds this sum, then the survivor is entitled to $5,000 and one half of the remaining real and personal property. If the personal property is insufficient to pay the $5,000, there are provisions for its payment by recourse to the real estate. On the other hand, the statutes governing the administration of the estate of a nonresident decedent do not provide different rules of inheritance depending upon the size of the estate.

A primary difficulty arises in applying a statute, the terms of which require that the personal property must be treated separately and apart from the realty, to a particular provision of a statute in which both are combined as a single unit in determining the inheritance of the surviving wife in the estate of her husband, who left property here not exceeding $5,000 in value. It is plain, however, that the distributive share of the wife is fixed by the law of Ohio, and to permit her to take all the personal property located here as the wife of a resident decedent might do would be contrary to the law of the domiciliary State, unless that law contained provisions similar to our own. Such a distribution would be violative of G. L. (Ter. Ed.) c. 199, § 1.

The record does not disclose any statute of Ohio or decision of that State establishing the share of the petitioner in the personal property. In the absence of any evidence of the law of a sister State, it is presumed that its common law is the same as that of this Commonwealth. *Demelman* v. *Brazier*, 193 Mass. 588. *Atlantic Transportation Co. Inc.* v. *Alexander Shipping Co. Inc.* 261 Mass. 1. The petitioner, however, is not seeking to enforce any common law right. The record fails to show that evidence relative to the law of Ohio was presented in the court below. There is, however, a statement in the brief of the respondent, Lewis F. Hite, "that in Ohio the widow, under the circumstances of this case, takes three-fourths of the decedent's estate and the father one-fourth." This court is not required to examine and determine the law of

another sovereignty unless evidence thereof has been presented by the parties. *Lennon* v. *Cohen,* 264 Mass. 414. *Richards* v. *Richards,* 270 Mass. 113. We are authorized by G. L. (Ter. Ed.) c. 233, § 70, to take judicial notice of the laws of Ohio, and in view of the fact that the personalty now in the course of administration must be distributed in accordance with that law, and on account of the aforesaid reference contained in the brief, we think we ought to determine the question. *Walker* v. *Lloyd,* 295 Mass. 507. *Bradbury* v. *Central Vermont Railway Inc.* 299 Mass. 230.

The reference in the brief is undoubtedly to § 10503–4 of the General Code (1936) of Ohio, regulating the descent and distribution of property, which, in so far as material, reads as follows: "When a person dies intestate having title or right to any personal propeity, or to any real estate or inheritance in this state, such personal property shall be distributed, and such real estate or inheritance shall descend and pass in parcenary, except as otherwise provided by law, in the following course: . . . 4. If there be no children, or their lineal descendants, three-fourths to the surviving spouse and one-fourth to the parents of the intestate equally, or to the surviving parent; if there be no parents, then the whole to the surviving spouse." *Davis* v. *Warner,* 47 Ohio App. 495, 502. *Miller* v. *Miller,* 129 Ohio St. 230, 236.

Not being entitled to all the personalty in this Commonwealth, the petitioner cannot maintain a petition for the determination of value for the purpose of enabling her to hold such property as the owner thereof. Neither has she an estate by inheritance in all her husband's realty located here. That exists only when the primary and complete administration of his estate is within the exclusive jurisdiction of our courts and where "the whole estate does not exceed five thousand dollars in value." G. L. (Ter. Ed.) c. 190, § 1. It is conceded that the entire estate is of greater value. Such an estate does not come within the statutory description, and we need not decide whether the Ohio property should be considered in determining her rights in property located here. See *Bankers Trust Co. of New York* v.

*Greims,* 110 Conn. 36. Moreover, the legislative history of G. L. (Ter. Ed.) c. 190, § 1, manifests a purpose to establish and increase the rights of the survivor in the estate of the decedent spouse, to make such survivor a statutory heir and distributee and to give him a preference over the remaining heirs, other than issue, and to exclude such heirs entirely when the value of the entire estate is less than $5,000. *Sherburne* v. *Howland,* 239 Mass. 439, 442. *Dexter* v. *Dexter,* 283 Mass. 327, 331. The petitioner has already been awarded an allowance of $2,400 by the domiciliary court. It is the intent of our statute to benefit the surviving spouse, whose decedent died without issue, leaving a comparatively small estate. The purpose of such legislation cannot be extended to one who has already shared in the estate of her non-resident husband, and comes here to receive all the rest of his property, merely because it does not exceed a specified amount. She is not within the class of persons intended to be benefited by our statutes. *Shannon* v. *White,* 109 Mass. 146. *Cheney* v. *Cheney,* 214 Mass. 580. *Gleason's Case,* 269 Mass. 583, 584.

Under G. L. (Ter. Ed.) c. 190, § 1, the rights of a surviving spouse as an heir and distributee are consolidated if the whole estate is worth less than the prescribed amount. We cannot, without doing violence to the statute, ignore the personal estate and consider the realty alone, where the estate, as here, consists of both kinds of property. Upon the petition for determination of value, the court could not issue a separate decree on each kind of property. See *Brown* v. *Thayer,* 212 Mass. 392. If it is thought that a hardship results from depriving one from taking all the realty, if prevented from receiving the personalty, then that is a matter for the Legislature. *Prondecka* v. *Turners Falls Power & Electric Co.* 238 Mass. 239. *Sterling* v. *Frederick Leyland & Co. Ltd.* 242 Mass. 8. We cannot supply any omissions, even if we were convinced that they exist. *Arruda* v. *Director General of Railroads,* 251 Mass. 255. *Morse* v. *Boston,* 253 Mass. 247. Besides, there is nothing contained in G. L. (Ter. Ed.) c. 199 which would authorize us to hold that, as an heir, she inherited all the

real estate.   The provision in this statute that the real
estate shall descend according to the law of this Common-
wealth merely furnishes a general guide for the devolution
of the real estate, leaving the persons who are to partici-
pate therein, the extent of their shares, and the mode of
asserting and establishing their rights to be determined by
G. L. (Ter. Ed.) c. 190.   *Sheldon* v. *Boston & Albany Rail-
road*, 172 Mass. 180.   *Sheehan* v. *Fall River*, 187 Mass. 356.
She is not entitled to take all the realty because the value
of the estate "found here" is less than $5,000, but, by
virtue of another part of G. L. (Ter. Ed.) c. 190, § 1, she
inherits one half of the real estate.   The operation of G. L.
(Ter. Ed.) c. 199, § 1, declaring that the real estate shall
descend according to our law, *McCarthy* v. *Hawes*, 299
Mass. 340, must be limited by the only applicable provision
of G. L. (Ter. Ed.) c. 190, § 1, which defines her inheritable
estate as one half of the realty.   *Warren* v. *Decoste*, 269 Mass.
415, 419.   *Kelley* v. *Jordan Marsh Co.* 278 Mass. 101, 110–
111.   We cannot adopt a literal interpretation of c. 199, § 1,
in conflict with the other sections of that chapter and with
that portion of G. L. (Ter. Ed.) c. 190, § 1, establishing the
rights of the surviving spouse in estates of less than $5,000.
*Commonwealth* v. *Slack*, 19 Pick. 304.    *Fickett* v. *Boston
Firemen's Relief Fund*, 220 Mass. 319.    *Commonwealth* v.
*Welosky*, 276 Mass. 398, 401–402.    *Frye* v. *School Committee
of Leicester*, 300 Mass. 537.

In *Cheney* v. *Cheney*, 214 Mass. 580, the petition of a
widow of a nonresident decedent, who left only real estate
in this Commonwealth, to compel the executor to sell the
realty for the purpose of paying her $5,000, was dismissed,
as R. L. c. 140, § 3, Third, giving the surviving spouse said
sum, was held not to apply to the estate of such a decedent.
It is unnecessary to repeat the grounds of that decision.
In principle, it is decisive of the cases at bar.   The con-
tention that the *Cheney* case should be distinguished on
account of the difference in phraseology between R. L.
c. 140, § 3, Third, and G. L. (Ter. Ed.) c. 190, § 1, would be
stronger were it not for the decisions rendered under the
former before its amendment by St. 1917, c. 303.   *Nesbit*

v. *Cande,* 206 Mass. 437. *Naylor* v. *Nourse,* 231 Mass. 341. *Spring* v. *Curry,* 260 Mass. 556. The statutory preference, in the form of either $5,000 or all the property if the estate is less than this amount, is not available to the surviving spouse of a nonresident decedent.

The petition for the determination of value is to be dismissed, while the petition for partition may be maintained upon the basis that the petitioner owns a one-sixth undivided interest in the real estate therein described.

*Ordered accordingly.*