LEVI SEAVEY, trustee, *vs.* ELLEN N. O'BRIEN & another.

Barnstable.    April 5, 1940. — September 24, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Descent and Distribution.    Devise and Legacy,* "Heirs."

The widow of a testator's son was the son's sole heir under G. L. (Ter. Ed.) c. 190, § 1 (1), where the son died leaving kindred but no issue and a total net estate of less than $5,000; and she was entitled, to the exclusion of the kindred of the son, to receive income directed in the testator's will to be paid to the son's "heirs" after his death.

PETITION, filed in the Probate Court for the county of Barnstable on March 24, 1939, by the trustee under the will of Frank P. O'Brien for instructions.

Answers were filed on behalf of S. Gladys Doane, a niece of Edward F. O'Brien, on May 15, 1939, and on behalf of Ellen N. O'Brien, his widow, on June 30, 1939.

On October 2, 1939, after a hearing by *Campbell*, J., a decree was entered "that although said Ellen N. O'Brien, as the widow of said Edward F. O'Brien, is one of his heirs-at-law, yet as such heir-at-law she has no claim to the entire income to the amount of the first five thousand dollars from the estate of said Frank P. O'Brien, in which estate said Edward F. O'Brien had only a life estate . . . that

the income from that share of the trust fund to which Edward F. O'Brien had been entitled during his lifetime shall be paid in equal shares to said S. Gladys Doane, his niece, and said Ellen N. O'Brien, his widow."

The respondent Ellen N. O'Brien appealed, and, in response to her request, the judge filed a "report of facts" containing the following: "The property in question was the gift of a third person and not the property of the husband; therefore, it becomes important to determine whether the widow takes $5,000 and one half of the remaining property or whether as an heir of her husband, under the will of the testator, a third person, she receives only one half of his share under the trust. I find the income, and ultimately the principal, never becomes a part of the assets of the deceased husband's estate. . . . I find that where there are only two persons who are heirs, and they are within the class designated by the testator, and property is devised . to them by right of representation, that the property should be equally divided between them as though it had been given per capita. I further find that the surviving widow and the testator's niece are the heirs of Edward F. O'Brien within the meaning of that term as used in the will of the testator. That the widow has no claim as an heir to the first $5,000 of the income from property in which her deceased husband had a life estate when she is claiming under the will of a third person, because her deceased husband did not die seized of the property."

Annexed on page 15 of the record certified by the register of probate of the county of Barnstable, and entitled "Exhibit 1," but nowhere else referred to in the record, was a certified copy of a decree of the Probate Court for the county of Middlesex, entered on petition of "Ellen N. O'Brien widow of Edward F. O'Brien . . . praying that the value of the whole of the real and personal property of which said deceased died seized and possessed in this Commonwealth remaining after the payment of debts of the deceased may be determined," the decree adjudging that "the combined value of said real and personal property . . . is $1.40."

In this court, the case was submitted on briefs. In the brief of the appellant, Ellen N. O'Brien, is the following statement: "In the present case the estate of Edward F. O'Brien was less than $5,000 in value, and its value has been so determined by the Probate Court of Middlesex County. (Record, page 15.)" In the brief of the appellee, S. Gladys Doane, is the following: "The question at issue is as follows: Where a decedent who was a resident of Massachusetts died intestate, and without issue, leaving real and personal property of less than $5,000 in value, will his widow, as a statutory heir, under G. L. c. 190, § 1, take the first $5,000 of the income from property in which her deceased husband had only a life estate when she is claiming under the will of a third person?"

*V. Mason,* for the respondent O'Brien.

*R. J. Rowe,* for the respondent Doane.

QUA, J. The petitioner is the trustee under the will of Frank P. O'Brien, late of Chatham, who died in November, 1916. The will left the residue of the estate in trust in such manner that in the events which have occurred one half of the income of the fund remaining after paying $200 quarterly to one Harrington during her life has become payable to the "heirs" of Edward F. O'Brien, a son of the testator. Edward F. O'Brien died March 10, 1939, leaving no issue, but leaving a widow and a niece. From statements in the briefs of both respondents it appears that the case was tried upon the theory that it had been duly determined by the Probate Court that the entire net estate of Edward F. O'Brien did not exceed $5,000 in value. We deal with the case on that basis. The question to be determined is whether the widow alone or both the widow and the niece are "heirs" of Edward F. O'Brien as that word is used in the will of his father, Frank P. O'Brien.

Neither respondent disputes the familiar principle that a gift in a will to the "heirs" of a person, where there is nothing to indicate a contrary intent, is to be construed as a gift to those who would inherit that person's real estate if he should die intestate and in the respective proportions in which they would so inherit, and that the statutes

in force at the time of his death are to be taken into account in determining the matter. *Lavery* v. *Egan*, 143 Mass. 389, 392, 393. *Proctor* v. *Clark*, 154 Mass. 45, 49. *International Trust Co.* v. *Williams*, 183 Mass. 173. *Gray* v. *Whittemore*, 192 Mass. 367, 380, 381. *Holmes* v. *Holmes*, 194 Mass. 552, 557, 558. *Sherburne* v. *Howland*, 239 Mass. 439. *Yerxa* v. *Youngman*, 241 Mass. 251, 254. *Gilman* v. *Congregational Home Missionary Society*, 276 Mass. 580. *Merchants National Bank of New Bedford* v. *Church*, 285 Mass. 217, 221. With this in mind the question at issue is: To what extent, under the statute in force on March 10, 1939, would the widow inherit the real estate of a man dying intestate on that day, leaving kindred but no issue, and leaving a total estate determined by the Probate Court not to exceed $5,000 above the amount necessary to pay the debts and charges of administration?

The answer is found at once in the first part of the first sentence of G. L. (Ter. Ed.) c. 190, § 1 (1). This sentence describes precisely such a man and provides as to the disposition of his estate that his surviving wife "shall take the whole thereof." That she is to take by direct and immediate inheritance seems plain. There is not even any machinery for the assignment of the property to her by any court or for the making of any claim by her against the administrator or the next of kin or against anyone. The Probate Court simply ascertains the fact of the value of the estate on the petition "of any party in interest." It is then known whether or not the surviving husband or wife has inherited the whole estate. The succeeding portion of paragraph (1) deals in a very different way with estates the net value of which exceeds $5,000. In such instances the surviving husband or wife is entitled to $5,000 payable out of personal property, but with provision for charging it upon real estate if necessary through appropriate proceedings in court, and in addition he or she inherits half the real and personal estate. Paragraphs (2) and (3) of the same section provide for cases where the deceased leaves issue and for cases where he leaves no issue and no kindred. In each of these last two instances

also the share which the surviving spouse "shall take" is to be taken, as in the instance first discussed, by direct inheritance without the interposition of special proceedings.

Confusion has crept into this case, partly because of a failure to distinguish clearly among the several classes of cases hereinbefore mentioned and among decisions with reference to them under statutes which have varied from time to time. Thus St. 1880, c. 211, § 1, provided, "Whenever any person shall die intestate, without leaving issue living, and shall leave a husband or wife surviving, such husband or wife shall take in fee the real estate of such deceased to an amount not exceeding five thousand dollars in value." The structural similarity of this provision to the first part of the present G. L. (Ter. Ed.) c. 190, § 1 (1), is apparent. Under the statute of 1880 and under Pub. Sts. c. 124, §§ 1, 3, into which the statute of 1880 was incorporated, it was held, "In all essential respects, the husband or wife takes an estate in fee . . . precisely as an heir takes; and we think they are to be considered as statutory heirs." *Lavery* v. *Egan*, 143 Mass. 389, 392. *Lincoln* v. *Perry*, 149 Mass. 368, 374. *McMahon* v. *Gray*, 150 Mass. 289. *Eastham* v. *Barrett*, 152 Mass. 56. *Proctor* v. *Clark*, 154 Mass. 45. *Olney* v. *Lovering*, 167 Mass. 446.

A change in the statute became effective with the coming into force of the Revised Laws on January 1, 1902. R. L. c. 140, § 3. The provision that whenever the deceased left no issue the surviving spouse should take real estate in fee to an amount not exceeding $5,000 in value was dropped out, and a new provision was substituted to the effect that he or she should "take five thousand dollars and one-half of the remaining personal property and one-half of the remaining real property," with further provisions that if the personal property should be insufficient to pay the $5,000, the deficiency should be paid from the sale or mortgage of real property. The new provision applied without regard to the value of the estate. Since the words by which the surviving spouse had formerly been made a direct and immediate heir to the extent of $5,000 had been eliminated, and his or her right to receive $5,000 had be-

come a claim against personal property, although chargeable, if necessary, upon real estate through appropriate proceedings in court, it was held that under the Revised Laws the right to the $5,000 was in the nature of a right of action against the administrator and not an estate of inheritance in real estate, and that the only estate of inheritance in real estate taken by the surviving spouse was the one-half interest. *Holmes* v. *Holmes*, 194 Mass. 552, 558, 559. The change in the statute was the express ground of the decision in the *Holmes* case.

The amendment by St. 1905, c. 256, added a provision for the payment of the $5,000 by the setting out of real estate by court decree at a value to be fixed by the court, where the whole net estate did not exceed $5,000. Although there were still no words clearly indicative of direct inheritance to the extent of the $5,000, even where the total estate was less than that amount, nevertheless in *Nesbit* v. *Cande*, 206 Mass. 437, decided under the 1905 act, where the estate was less than $5,000, this court held that upon the sale of the real estate to pay debts the surviving husband was entitled to the entire unused balance, and in *Naylor* v. *Nourse*, 231 Mass. 341, 343, where also the total estate was less than $5,000 in value, it was held that the surviving widow, upon the death of her husband without issue, "took a vested right in his real estate as statutory heir." In *Spring* v. *Curry*, 260 Mass. 556, a similar case apparently decided upon R. L. c. 140, § 3, as amended by the statute of 1905, it was held that the widow's vested interest as her husband's statutory heir comprised the entire estate, which "became hers on the death of her husband." See also *Walden* v. *Walden*, 213 Mass. 418.

By St. 1917, c. 303, § 1, a new provision was inserted to the effect that the surviving spouse should "take the remaining real and personal property if the combined value thereof does not exceed the sum of five thousand dollars," with a further provision that the Probate Court should determine the value of the estate "upon petition of any party in interest." Here once more are words of direct and immediate inheritance, where the entire net estate is

less than $5,000. There is to be no sale or setting out of real estate to pay a sum of money. The action of the Probate Court merely determines the fact. See *Naylor* v. *Nourse*, 231 Mass. 341, 343. The 1917 amendment reinforces the decisions in *Nesbit* v. *Cande*, *Naylor* v. *Nourse* and *Spring* v. *Curry*. As to net estates in excess of $5,000, however, the former provisions are continued in effect, and as to such estates the surviving spouse is an heir to a one-half interest in the real estate only. Amendments by St. 1920, c. 468, and G. L. (Ter. Ed.) c. 190, § 1, do not affect the nature and extent of the estate taken by the surviving spouse as an heir.

The result of this discussion is that, as the law stood at the death of Edward F. O'Brien in 1939, and as it now stands, where a husband or wife dies leaving kindred and no issue, (1) if the net estate is determined not to exceed $5,000, the former decisions under the statute of 1880 and the Public Statutes, and the *Nesbit*, *Naylor* and *Spring* cases are applicable, and the surviving wife or husband is the statutory heir to all the real estate; but (2) if the net estate is determined to exceed $5,000, the rule of *Holmes* v. *Holmes* is still to be applied, and the survivor is the statutory heir to half of the real estate. *Merchants National Bank of New Bedford* v. *Church*, 285 Mass. 217, 222. See *Hite* v. *Hite*, 301 Mass. 294, 296, 300, 301.

Since the respondent Ellen N. O'Brien, the surviving widow of Edward F. O'Brien, is his sole heir, she became entitled upon her husband's death to receive the whole of the income which he had formerly received, that is to say, one half of the income of the trust fund remaining after paying $200 quarterly to Harrington. The decree is reversed, and a decree is to be entered in accordance with this opinion. Costs as between solicitor and client are to be in the discretion of the Probate Court.

*Ordered accordingly.*