Pettingell, P. J.
Action of contract in which a landlord seeks to recover for use and occupation of premises allegedly owned by the plaintiff.
The plaintiff’s declaration as amended contained two counts, one on an account annexed for use and occupation for the months of January to September inclusive, nine months at $45.00' a month, or a total of $405; and the other, *299 alleging that the defendant was a trespasser on premises owned by the plaintiff for the same period of nine months to the damage of the plaintiff as in her writ and declaration alleged.
The defendant’s amended answer is a general denial; that the plaintiff was not the owner of the premises; and not entitled to the possession of them; that the defendant owes her no rent; that the defendant was a tenant in common with another and owes no rent; that no agreement existed.between the plaintiff and the defendant, for the rent demanded; that the rent demanded was not fair and reasonable; that the defendant did riot occupy the premises for a part of the period for which plaintiff claims rental but had vacated said premises and that the plaintiff is entitled to recover only for the period that the plaintiff was legally the owner; that the defendant denies she was a trespasser.
At the close of the trial the defendant filed eleven requests for rulings, which, with the disposition of the same, are as follows:
111. That there is evidence which will warrant a finding for the defendant. I give this request but rule that it is immaterial because upon a preponderance of the credible evidence I find for the plaintiff * 2. That title to real estate of a deceased person intestate vests in the next of kin, and remains there until a legal transfer occurs. I deny this as not applicable when the deceased is survived by a husband. 3. That an administrator of an estate has no right as such to take possession of the real estate. Given. 4. That an administrator’s only right to sell the real estate is under a license of the Court, and if it is necessary to pay debts or administrative expenses, or for advantage. Given. 5. That in the absence of a will, a sister of a deceased person becomes, on the death of the intestate, a tenant in common of the real estate of the deceased, and re *300 mains so until the period has elapsed for the closing of the estate of the deceased, or until a legal transfer of the real estate has taken place, assuming the sister is one of the next of kin. I deny No. 5 as mot applicable where there is a surviving husband and the total estate both real and personal is less than $5000. 6. That while a person is a tenant in common of real estate, she is not chargeable for rent of said tenancy. Given.
7. That a landlord is entitled to rent of a premise only for the time that he legally owns the premises. I deny this as immaterial in vieio of my findings of fact and also because as a matter of law it is not necessary that a landlord should be the oioner of the rented premises. 8. That in the absence of an agreement for rental, as to the. price, then the price must be a fair and reasonable one. Given if material. 9. That a person occupying premises under or on a rental basis is not chargeable for the trespass of the. same premises. Denied as immaterial because I find that the defendant is not a trespasser. 10. That a charge for rental of premises if proved, is a complete, defence against an allegation of trespass on said premises. Denied as immaterial because I find that the defendant is not a trespasser. 11. The amount of assets shown on inventory has no bearing on question of co-tenancy of defendant Halloran. Denied. A certified copy of the inventory was admitted. The defendant did not request a report. It was a public record .in which the plaintiff’s grantor stated under oath the particular items of his wife’s estate and their value. It was part of the record on which the defendant relied to establish her claim as next of kin. Although not the only evidence as to the value it had if admissible a direct bearing upon the issue. If it was inadmissible as it was in the case without objection it was entitled to its probative force. (Orpen vs. Robinson, 230 Mass. 529, 531.) ”
The trial justice made the following findings of fact:
“1. The- property in question was owned by one Nellie Emery who died on October 3,1944 intestate leaving a husband one Fred Emery and among other next of kin a sister who is the defendant in this case. 2. *301 The plaintiff is the grantee under two deeds from Fred Emery to her, one dated January 2, 1945 recorded with Middlesex South District Deeds Book 6827 page 58 and another dated June 14, 1945 recorded with said Deeds Book 6867 page 239 both of which were exhibits in the case. 3. At the time of Nellie Emery’s death the defendant was occupying the tenement in question at 22 Oxford Street in Belmont and continued to do so until after October 1, 1945. 4. At the time of the decease of the said Nellie Emery her whole estate both real and personal did not exceed five thousand dollars in value. 5. Prior to January 2, 1945 the defendant then an occupant of the premises in question offered to buy it subject to the existing mortgage for a sum less than $2300. The plaintiff offered $2300 for the property and the said Fred Emery deeded it to her as above set forth after offering it to the defendant at that price. After receiving the deed of January 2, 1945 the plaintiff told the defendant that her rent would be $45 a month. The defendant refused to pay this saying that $35 a month was enough. 6. I find that the plaintiff is not entitled to recover on the second count in her declaration. The defendant was lawfully occupying the premises at the time of her sister’s death and continued to do so and there was no evidence before me that she was ever requested to vacate the same. She was not a trespasser. 7. I find that forty dollars a month is a reasonable charge for the use and occupation of the premises in question. On May 29, 1945 the said Fred Emery as administrator of the estate was licensed by the Probate Court to sell the property in question at private sale and the second deed to the plaintiff was in execution of that power. The attorney for the defendant stated that the defendant did not dispute that the plaintiff was entitled to recover a reasonable amount for the use and occupation of the premises for the months of June, July, August and September as set forth in the first count of the declaration. 8. I rule and find that she is also entitled to recover for the months of January, February, March, April and May as set forth in the first count of her declaration. On January 2, 1945 the plaintiff became the owner of all that Fred Emery owned in the premises. This was Ms wife’s *302 real and personal estate up to $5000. As the entire estate was less than that amount her next of kin among whom was the defendant took no interest in the real estate. The plaintiff by the deed of January 2, 1945 became the sole owner subject to the rights of creditors in the estate. The case is governed by General Laws, Chapter 190, Section 1, See Spring v. Curry, 260 Mass. 566 (sic) 556, Seavey v. O’Brien, 307 Mass. 33, 38.”
There was a finding for the plaintiff in the amount of $360. The report states that it contains all the evidence material to the questions reported.
The defendant claimed a report setting forth as grievances the judge’s finding of facts and rulings of law and his denial of a motion for a new trial.
The defendant is not aggrieved by the findings of fact made by the trial judge. Only issues of law can be raised in the Appellate Division. Atlantic Maritime Co. v. Gloucester, 228 Mass. 518, at 522. Coghlan v. White, 230 Mass. 165, at 168. J. G. Pierce Co. v. Wallace, 251 Mass. 383, at 384. Schon v. Odd Fellows Building Association, 255 Mass. 465, at 467. Dillon v. Framingham, 288 Mass. 511, at 513. Rendle v. Conley & Daggett, Inc., 313 Mass. 712.
Of the rulings requested the trial justice gave the first, third, fourth, sixth and eighth. The second, fifth and eleventh raise the main issues relied upon by the defendant, that there was no determination by the probate court that the value of the intestate’s estate was not more than $5000, and hence no title passed to the intestate’s husband. This question has been adjudicated in Massachusetts in several cases decided unfavorably to the defendant’s position. In Naylor v. Monroe, 231 Mass. 341, at 343, the court said “The provisions of the statute for the sale or the setting out of the real estate, do not abridge or qualify the nature of her interest, but merely afford means of determining the exis *303 tence and extent of her right, and an additional form of remedy to assert her title.” In Nesbit v. Cande, 206 Mass. 437, at 438, the court calls attention to the fact that upon the death of the wife without issue and having an estate amounting to less than $5000 “her surviving husband took a vested right of inheritance as statutory heir in her real estate. ’ ’
In Spring v. Curry, 260 Mass. 556, at 559, the court said, “As the estate was less than $5000 in amount, the entire property became hers on the death of her husband and the income therefrom belonged to her.” In that case as in the one before us there were no proceedings in the Probate Court to determine the value or to set off the property to the wife. The opinion in effect says that the statute determines the wife’s right not the action by the Probate Court and that the wife’s right relates to the death, the other heirs at law having no right or title at any time. For a review of the statute and its amendments, as well as the reported decisions interpreting it, see Seavey v. O’Brien, 307 Mass. 33, pages 35 to 38. There was no error in the disposition of the requests here discussed.
The position of the defendant is that in the absence of action in the Probate Court which formally determines the value of the intestate’s real estate, nothing passes to the surviving husband. The cases cited show that the husband’s statutory estate vests upon the death of the intestate if the real estate was under the statutory figure, here $5000, and there are no children. The defendant does not argue or contend that the real estate of the intestate was worth more than $5000. There was absolutely no evidence to that effect. His argument is wholly the absence of action by the probate court to make a determination. The cases cited however are clear that, however the fact of value may be determined, the husband’s estate, if the value is less than $5000 and there are no children, vests immediately.
*304 There was no error in the denial of the seventh request which does not represent the law.
Whether or not the relation of landlord and tenant exists is a question of fact regardless of the ownership of the premises occupied. Lindsey v. Leighton, 150 Mass. 285, at 287, 288. Connery v. Cass, 277 Mass. 545, at 549, the relation may exist if there is an agreement to pay rent, Connolly v. Kilcourse, 285 Mass. 398. Ownership of the rented premises is only one factor in determining the existence of the relation.
The ninth and tenth requests dealing with the liability of the defendant as a trespasser were properly denied, being immaterial on the basis of the finding of the trial justice that the defendant was not a trespasser.
There remains for consideration the claim of the defendant that she is aggrieved by the denial of her motion for a new trial. This issue is not mentioned in the brief filed by the defendant. It must, therefore, be treated as waived. Smith v. Import Drug Co., 253 Mass. 368, at 371. Commonwealth v. Congdon, 265 Mass. 166, at 168. Carangias v. The Marketmen’s Relief Association, 292 Mass. 284, at 286.
No prejudicial error appearing, the report is to be dismissed.

 The trial court’s ruling and findings on each of the defendant’s requests for rulings are printed in italics following the request.