NEWTON-WALTHAM BANK AND TRUST COMPANY, trustee, *vs.* BETTY H. MILLER & others.

Middlesex. December 5, 1949. — February 8, 1950.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & COUNIHAN, JJ.

*Trust,* Express trust: construction; Heirs at law. *Descent and Distribution.* *Words,* "Heirs at law."

Under a trust terminating at the death of the settlor, whereupon the trust fund became payable to the "then heirs at law" of his previously deceased son as determined by Massachusetts law, the son's widow was entitled to share in the fund as a statutory heir of his notwithstanding that she had remarried before the death of the settlor.

PETITION for instructions, filed in the Probate Court for the county of Middlesex on March 10, 1949.

The case was heard by *Leggat*, J.

*H. J. Shaw*, stated the case.

*S. H. Babcock*, (*A. S. Ashley* with him,) for Betty H. Miller.

*J. M. Hall*, (*F. Dexter* with him,) for Edward J. Conner.

SPALDING, J.  On April 14, 1927, Arthur J. Conner, hereinafter called the settlor, executed an indenture of trust with the petitioner wherein the petitioner agreed to hold certain property received by it on the following terms: "1. To manage, [and] invest . . . the same and to pay the net income thereof to said Arthur J. Conner . . . during his life . . . . 2. On the death of said Arthur J. Conner, the trustee shall pay the net income to his son, Frank Norris Conner, until he shall attain the age of forty years . . .; and upon his attaining the said age after the decease of said Arthur J. Conner, the trustee shall transfer and deliver the trust fund and any accumulations thereon to said Frank Norris Conner, free . . . of any trust. 3. In case the said Frank Norris Conner shall decease before said Arthur J. Conner, or in case he shall survive said Arthur J. Conner but shall decease before attaining the age of forty years, thereupon the trustee shall transfer and deliver the trust fund with any accumulations thereon to the then heirs at law of said Frank Norris Conner, as determined by the laws of the State of Massachusetts then in force relating to intestate decedents, free . . . of any trust."

Frank Norris Conner, hereinafter called Conner, was approximately nineteen years of age when the indenture was executed.  Subsequently he married Alice H. Conner and of that marriage a son, the respondent Edward Jewett Conner, was born in 1936.  On January 19, 1944, the marriage was dissolved by a decree of divorce, the validity and finality of which are not questioned.  On January 22, 1944, Conner married one Betty Maschek.  On June 22, 1944, Conner, who had not then attained the age of forty years, died.  He was survived by his second wife and his son,

Edward Jewett Conner. In May of 1946 his widow was married to one Miller, and will be hereinafter referred to as Betty H. Miller. The settlor died on August 30, 1947.

The petitioner, having paid the income of the trust to the settlor down to the time of his death, requested instructions on the following questions: (1) whether the income should have been paid to the settlor down to the time of his death; (2) whether the trust terminated on the death of Conner or on the death of the settlor; and (3) to whom and in what proportions the trust fund should be distributed. The judge of probate ruled that the settlor was entitled to the income of the trust during his life; that the trust terminated on the death of the settlor; and that the trust fund was to be distributed to Conner's son, Edward Jewett Conner. From a decree entered accordingly, the respondent Betty H. Miller appealed.

There is an obvious inconsistency between the provisions of paragraphs 1 and 3 of the indenture. Paragraph 1 provides that the income of the trust is to be paid to the settlor "during his life," whereas paragraph 3 provides that if Conner predeceases the settlor the trust fund is to be distributed "to the then heirs" of Conner. But this question need not concern us. The appealing party does not challenge the decree in so far as it declared that the trust terminated at the settlor's death, and that he was entitled to the income thereof during his life. She states that the sole question presented by her appeal is whether she, "who was clearly one of the 'heirs at law' of . . . Conner at the time of his death in 1944, ceased to be such because of her remarriage in 1946 so that upon the termination of the trust in 1947 she was no longer one of the 'then heirs' of . . . Conner within the meaning of . . . [paragraph] 3 of the indenture of trust." We confine our decision to that question.

The indenture provides that at the time of distribution — and that part of the decree below which is not here challenged has established that time to be at the settlor's death — the trust fund is to be transferred "to the *then* heirs at

law of said . . . Conner, as determined by the laws of the State of Massachusetts *then* in force" (emphasis supplied). Can it be said that Betty H. Miller at the time of the settlor's death was an heir of Conner? To determine this we must look to G. L. (Ter. Ed.) c. 190, § 1, which reads: "A surviving husband or wife shall, after the payment of the debts of the deceased and the charges of his last sickness and funeral and of the settlement of his estate, and subject to chapter one hundred and ninety-six, be entitled to the following share in his real and personal property not disposed of by will: . . . (2) If the deceased leaves issue, the survivor shall take one third of the personal and one third of the real property." If the trust were to be distributed to those persons who were the heirs of Conner at the time of his death, there could be no doubt as to the right of Betty H. Miller to share in the trust fund. As his surviving wife she would be an heir with respect to her statutory share. *Sherburne* v. *Howland*, 239 Mass. 439, 442. *Yerxa* v. *Youngman*, 241 Mass. 251, 254. *Merchants National Bank* v. *Church*, 285 Mass. 217, 221. *Seavey* v. *O'Brien*, 307 Mass. 33. But, as noted above, the heirs were not to be determined as of that time; they were to be determined as of the time of the settlor's death. At that time Betty H. Miller had remarried.

The respondent Edward Jewett Conner argues that at that time she was not Conner's surviving wife within the purview of the statute but the wife of another man. The question, however, is not one of first impression. The precise question here presented was before this court in *Proctor* v. *Clark*, 154 Mass. 45. The facts of that case were these. The testator left the residue of his estate in trust to pay the income to his widow for life and upon her death to convey the trust property in fee to his brother Charles, if then living, but if he was not then living, then to convey the property to the "then heirs at law" of Charles. The testator died in 1881, survived by his widow and by his brother Charles. Charles died in 1886, leaving as his only next of kin a sister, and a widow, Lydia. The testator's widow, the life tenant of the trust, died in 1890, survived by

Charles's sister and his widow, Lydia, who had meanwhile remarried. One of the questions for decision was whether the sister was entitled to the whole fund or whether the widow, Lydia, although remarried, could share in the fund as a statutory heir. The court per Holmes, J., held that the "then heirs at law" of Charles were "those who would have been entitled if Charles . . . had died at the moment appointed for the conveyance, that is, at the death of the testator's widow, on January 6, 1890"; that Lydia was one of the "then heirs"; and that under statutes then applicable (Pub. Sts. c. 124, § 3) she was entitled to $5,000.

So far as we can discover *Proctor* v. *Clark* is the only decision in our reports dealing with the question now presented. Edward Jewett Conner earnestly argues that that case was wrongly decided and ought not to be followed. But we are of opinion that it was rightly decided and is controlling here.

The final decree is to be modified by striking out the provision declaring that the trust fund is to be distributed to Edward Jewett Conner and by substituting therefor a provision that he is to receive two thirds thereof and Betty H. Miller one third, and, as so modified, it is affirmed.

*So ordered.*