SAMUEL H. GREEN, trustee, *vs.* WALLACE S. GILMORE
& others.

Middlesex.    February 2, 1954. — April 2, 1954.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & WILLIAMS, JJ.

*Devise and Legacy,* Heirs, Income undistributed.

A widow, as her husband's sole heir under G. L. (Ter. Ed.) c. 190, § 1, as
    amended by St. 1945, c. 238, § 1, upon his death leaving kindred but
    no issue and a net estate of less than $10,000, was entitled, to the ex-
    clusion of his kindred, to receive a fund of more than $15,000 held
    in trust for him under a will and payable to "the persons who . . .
    [were his] heirs at law . . . at the time of his decease" if, as hap-
    pened, he dies before a specified time.  [284–285]
Under a will giving a trustee "absolute discretion" with respect to pay-
    ing income to a named beneficiary and directing the trustee to pay
    over the principal "and any accumulated income" to him at a speci-
    fied time or, if he died before that time, to pay over "said fund" to
    his heirs at law, income received by the trustee during the beneficiary's
    life and not distributed to him became upon his death before the speci-
    fied time, not part of his estate, but part of the trust fund passing to
    his heirs at law.  [285–286]

PETITION, filed in the Probate Court for the county of
Middlesex on December 11, 1952, by the trustee under the
will of Belle M. Gilmore, late of Newton, seeking instruc-
tions as to the distribution of the principal and accumulated
income of a trust fund held for the benefit of Edwin Gilmore
under the residuary clause of the will.

The provisions of the will respecting the fund so held were
as follows: It was to be "held by said trustee for a period of
ten years following the death of Ruth Gilmore [who died
on January 23, 1946] . . . and said trustee shall have ab-
solute discretion to pay the net income of said fund, or such
part of the income thereof as said trustee shall from time
to time think proper, to my grandson Edwin Gilmore, or
said trustee may at his absolute discretion apply said income
for the maintenance and personal support of my said grand-

son.   At the end of said ten-year period said trustee shall
pay over to Edwin Gilmore the principal of said trust fund
and any accumulated income thereon.   If said Edwin
Gilmore shall decease before said trust is terminated said
fund shall be paid over to the persons who are the heirs at
law of said Edwin Gilmore at the time of his decease."

The case was heard by *Leggat, J.*

*Samuel H. Green*, stated the case.

*Richard J. Hatchfield*, for the respondent Wallace S.
Gilmore.

*Gordon J. O'Brien*, for the respondent Olivine Gilmore.

LUMMUS, J.   The petitioner, as trustee under the will
of Belle M. Gilmore, brought this petition for instructions
as to the distribution of the trust fund.   The testatrix, who
died on April 13, 1938, gave the residue of her estate, after
certain legacies and devises, to a trustee, to pay the net
income to a life tenant who died on January 23, 1946, and
at the death of the life tenant to pay half of the trust estate
to a daughter Carrie A. Kimball and a quarter to a son
Wallace S. Gilmore.   The remaining quarter was to remain
in trust until January 23, 1956, and then the trustee was to
pay over the principal to Wallace S. Gilmore's son Edwin,
and in the meantime was to pay to Edwin the net income.
The will continued: "If said Edwin Gilmore shall decease
before said trust is terminated said fund shall be paid over
to the persons who are the heirs at law of said Edwin Gilmore
at the time of his decease."

Within the period of the trust, on March 16, 1952, Edwin
Gilmore died, survived by his widow Olivine, and his father
and mother, but by no issue.   On December 10, 1952, the
Probate Court for Plymouth County, where Edwin lived,
entered a decree that the net value of his estate was less
than $5,000.   By law the widow was entitled to all his
estate up to $10,000.   G. L. (Ter. Ed.) c. 190, § 1, as amended
by St. 1945, c. 238, § 1.   The first and principal question
is whether under those circumstances the widow at the
death of Edwin was his only heir at law within the meaning
of the will.   By the statute a surviving wife is an heir.

*Newton-Waltham Bank & Trust Co.* v. *Miller*, 325 Mass. 330, 333, and cases cited.

In *Seavey* v. *O'Brien*, 307 Mass. 33, property left by will was made payable in certain circumstances to the "heirs" of Edward F. O'Brien, who died leaving a widow and a niece but no issue. His estate was less in value than the amount to which by statute his widow was entitled. It was held that the widow took the entire property. In the present case the petition was taken for confessed against Edwin's father and mother, and on May 27, 1953, a decree was entered, awarding the fund with all accumulated income to Edwin's widow, Olivine. Wallace S. Gilmore, the father, appealed.

This case seems to us to be governed by *Seavey* v. *O'Brien*, unless one fact, now to be stated, distinguishes it. The inventory of the trust property shows that the value of the quarter of Belle's estate held in trust for Edwin was more than $15,000. The appellant contends that Edwin's father and mother are entitled to share in the trust fund.

The fund in question was never the property of Edwin. The law gave the heirs of Edwin no right in it. Any right that they have exists only by the provisions of Belle's will. The statutory limit upon the size of the interest taken by Edwin's widow applies only to property owned by Edwin and taken by descent from him. It has been determined that all such property now belongs to Olivine as his statutory heir. No other person is such heir. Belle's will gives such heir the entire quarter of Belle's estate held in trust, without regard to the size of the trust fund. We think there was no error in awarding that fund to Edwin's heir, his widow Olivine.

The trustee, in his petition, asks to be instructed whether income received during the life of Edwin and not distributed became part of the principal of the trust or is the property of Edwin. The appellant does not argue this question, and thereby waives any right to attack the decree so far as it disposes of accumulated income. *Jefferson Union Co.* v. *American Radiator & Standard Sanitary Corp.* 329 Mass.

692, 694. But were the question before us, we could find no error in the decree with respect to accumulated income. Under the will the trustee had "absolute discretion" as to paying income to Edwin, and might accumulate it. We think the accumulated income became part of the trust estate, and with the principal went to Edwin's widow, Olivine. *Minot* v. *Tappan,* 127 Mass. 333. *Rackemann* v. *Wood,* 203 Mass. 501, 506. Scott, Trusts (1939), § 128.3. The will treated "the principal of said trust fund and any accumulated income thereon" as an entity passing ultimately to "the heirs at law of said Edwin Gilmore at the time of his decease."

*Decree affirmed.*